Martin, J.
The plaintiff, endorser of the defendant's promissory note, the payment of which was secured by mortgage, obtained, on his affidavit, that the amount of the note was unpaid, and on that of another person, that the endorsement was in the hand writing of the original payee, an order of seizure.
The defendant obtained a provisional injunction, on a suggestion that the original payee had not divested himself from his interest an authentic act, and that there was no authentic act, evidencing the plaintiff’s in *223 terest; so that the order of seizure had been improvidently granted.
The injunction was made perpetual, and the plaintiff appealed.
His counsel urges, that the court a quo erred, inasmuch as the defendant did not deny the plaintiff's right, but complained only of the want of evidence of it, and that, at all events, there ought to have been judgment that the defendant pay the money, and that the mortgaged property be levied upon.
It appears clear to me, that the order was improperly granted. A judge at his chamber cannot try a question of fact, a matter in pays, viz. the verity or genuineness of an endorsement, or the signature of a party to a sous seing prive. All the positive facts, in a case like the present, must be established before him, by authentic acts. The negative one, that the money is not paid, is before him, required to be made out by the oath of the creditor, although, generally speaking, one be not bound to prove a negative.
If the order of seizure issued improperly, the defendant had only to shew this, to procure it to be set aside. He had no need to go into the merits of the case. It sufficed, that he *224 should make it appear, that the requisites of the law were not complied with. The plaintiff having prayed for an order of seizure only, the court could not proceed to give him judgment. The defendant not having been cited, was not bound to answer any claim or demand of the plaintiff. He came into court for the sole purpose of shewing, that the order of seizure issued improvidently. He was rather a plaintiff than a defendant.
Scott for the plaintiff, Thomas for the defendant.
I think we ought to affirm the judgment of the district court with costs.