Suit brought ninth November, 1833. Demise laid on the tenth October, 1833.
The plff. derived title to the lands in dispute under a sheriff's sale on judgment and execution and deed executed conformable thereto. The judgment was recovered in a scire facias on a recognizance in the orphans' court, and bore date tenth May, 1832. On this judgment a fieri facias issued, returnable to the November term, 1832, which was returned levied on the lands in question; inquiry held and not sufficient. Venditioni Exponas returnable to May term, 1833, upon which the sheriff returned that he had duly sold the said lands to William H. Crawford, the plff.'s lessor, on the ____ day of January, 1833, which sale and return were approved and confirmed by the court at the said May term, 1833, and the sheriff executed a deed
to the said William H. Crawford, the purchaser, on the 25th ofOctober, 1833. *Page 465 
 Rodney, for deft. moved a nonsuit. The title of the plff.'s lessor rests on the sheriff's deed of the 25th October, 1833. It then accrued. The declaration sets out a demise on the tenth of October,. 1833, some fifteen days previous to the date of his title. The plff. must show that his demise rests on sufficient legal title in the lessor at the time of the demise. This is an elementary principle. The demise must be laid after title accrued.Butter, 105; 2 Sellon's Prac. 93.
Bayard, for plff., did not controvert the principle if it applied to the case, but he thought that the title, though perfected by the deed, would have relation to the sale, or at least to the confirmation. The sale of the land here was in January, 1833, and it was confirmed at the May term following. The act of assembly "concerning the action of ejectment" (Dig. 170) has provided that no objection shall be made to the form of action, or to the right of the lessor of the plff. to make the demise, if he could recover the premises in any form of action.
The Court directed a nonsuit. The plff.'s title accrues from the sheriff's deed. It commenced with the sale, but was not perfected until a deed was executed; and though he has certain rights given to him by act of assembly as to rent from the time of sale and to possession in a summary way, the legal title is not in the purchaser until a deed is executed. In this state a deed has always been considered necessary to perfect the title by execution and enable the purchaser to bring ejectment.a The sheriff seldom receives the purchase money, or, at least, all of it, until the deed is made. The practice is to require a deposit of ten per cent. at the time of the sale. The act referred to was intended merely to do away the old actions of assize and writ of right. To apply it to such a case as this would be to enable the plff. to recover on a mere equitable title. And even that is not shown; for there is no proof of the payment of the purchase money but what is furnished by the deed, and that is after the demise.
Mr. Bayard suggested that the narr was against Roe,
the nominal deft., and had not yet been altered for the present deft. Green, and asked if the court would not now permit an amendment. Thechief justice said that the alteration was always presumed after the real deft. had appeared and entered into the common consent rule. The court would allow him to be substituted even after verdict and judgment.
 The plff. was nonsuited.
a 4 Kent's Com. 434. In those states in which the sheriff sells the land, instead of extending it to the creditor, he executes a deed to the purchaser, and it is held that the sheriff's sale is within the statute of frauds, and requires a deed or note in writing of the sale, signed by the sheriff. Sinonds vs.Catlin, 2 Caines Rep. 60; Barney vs.Patterson, 6 Harr. and Johns. 182. In Louisiana, the judgment must be recited in the deed; and it has been adjudged that the sheriff's deed is essential to the title. Dufour vs.Camfranc, 11 Martin's Rep. 607; Durnford
vs. Degruys, 8 Martin, 222.