BERTHOUD'S
HEIRS
*vs.*
UNRUH.

### BERTHOUD'S HEIRS *vs.* UNRUH.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The heirs of a succession, the property of which is sold at a judicial or probate sale, are not bound to execute a notarial act of sale to the purchaser.

But persons who provoke a sale, are bound to see that its terms are correctly announced. If the terms announced are different from what the law requires, the sellers are still bound to comply with them, or the bidder is released from his bid.

A notarial act of sale, is neither necessary or essential to the purchaser at a judicial sale. The adjudication made and recorded in court, is a complete title to the purchaser. A notarial act may, nevertheless, be useful.

The defendant, Unruh, became the purchaser of a slave at the sale of the succession of Mrs. Berthoud. The sale was made by the register of wills, and by order of the Court of Probates. At the foot of the advertisement, the register says, "the acts of sale will be passed before William Christy, notary public, at the expense of the purchaser." The purchaser refused to comply with his bid, until the act of sale was executed.

The plaintiffs took a rule on the defendant, to show cause why he should not comply with the terms of sale, or the property would be sold again at his expense. He replied he was always ready to comply whenever the notarial act was passed, but that the plaintiffs had refused; wherefore, he prays, that the adjudication to him be annulled, and the rule discharged. The rule was discharged accordingly. The plaintiffs appealed from the order discharging it.

*Buchanan,* for the plaintiffs.

*Roselius,* contra.

*Martin, J.*, delivered the opinion of the court.

EASTERN DIST.
*February*, 1836.

BERTHOUD'S
HEIRS
*vs.*
UNRUH.

The surviving husband and heirs of the late Angella Berthoud, have appealed from the decision of the Court of Probates for the parish and city of New Orleans, discharging a rule which they took on one John Unruh, the purchaser of a slave at the sale of the succession of Mrs. Berthoud, to show cause why he should not comply with the terms of the adjudication to him, or in default thereof, that the property be advertised and resold at his cost.

Unruh alleges in his defence, that he had been induced to bid at the sale, under the belief that a notarial act of sale would be given by the register of wills, according to his advertisement publishing the terms of sale. That he has always been ready and willing, on his part, to comply with the terms of the adjudication, and applied at the office of the notary named for the purpose of passing the act, but that the plaintiffs in the rule, have always refused to pass said deed.

On the part of the plaintiffs in the rule, and appellants in this court, it is strenuously urged that such an act as the one demanded by the purchaser is not required by law ; that the Louisiana Code, article 2601, declares that a notarial act is unnecessary to complete the title of a purchaser at a judicial sale, and that in fact the register of wills was without authority to bind them to do any thing which is not required by law.

It is clear, in the opinion of the court, the register had no such power or authority, and the heirs of the estate, who are appellants here, are not bound to execute a notarial act, such as the one in question ; but it appears equally clear, that those who provoke a sale are bound to see that the terms of it are correctly announced, and that they cannot compel persons who bid at the sale to comply with different conditions, or carry their bid into execution on any other terms than those published before the sale took place.

An act of sale passed by a notary is, indeed, neither necessary or essential to the perfection of the title of the purchaser, but it may, nevertheless, be useful. The fact that notarial titles were promised in the advertisement which

The heirs of a succession, the property of which is sold at a judicial or probate sale, are not bound to execute a notarial act of sale to the purchaser.

But persons who provoke a sale, are bound to see that its terms are correctly announced. If the terms announced, are different from what the law requires, the sellers are still bound to comply with them, or the bidder is released from his bid.

A notarial act of sale is neither necessary or essential to the purchaser at a judicial sale. The adjudication made and recorded in court, is a complete title to the purchaser. A notarial act may nevertheless be useful.

Eastern Dist.
*February,* 1836.

GARNIER ET AL.
*vs.*
PEYCHAUD'S
SUCCESSION.
preceded the sale, entitles the bidder to demand them on the adjudication, and justifies him in declining a compliance with the terms of sale, if they are withheld or refused.

The circumstance that the notarial act promised to purchasers, was stated in the postscript, instead of the body of the advertisement, does not alter the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.