**LAFON vs. SMITH ET ALS.**

EASTERN DIST.
*March,* 1832.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

LAFON
*vs.*
SMITH ET ALS,

There is no law which requires, or would authorise, the sheriff to wait three days for the bidder to find security.

The 642d and 746th articles of the Code of Practice, are not in opposition to each other, but afford a double remedy; that is, the plaintiff may either proceed by the executory process, or cause the *fi. fa.* to be directed to the parish, where the property of the defendant is situated.

The objection, that the proceedings were not in the French and English languages, will not avail, unless there be evidence on the record to show, that French was the mother tongue of the party.

A return by the sheriff, is *prima facie* evidence between the parties to a suit.

The facts in this case are fully stated in the opinion of the court, delivered by *Porter, J.*

The plaintiff, as heir of J. P. Lafon, deceased, claims from the defendant, the undivided half of a tract of land in the parish of Plaquemine, having a front of thirty-seven arpents, with the depth of forty.

The answer denies title in the plaintiff, and asserts it to be in the defendant, under a sale from Joshua Lewis. It also requires Lewis to be cited in warranty, and prays damages against him, to the amount of twenty thousand dollars, in case the defendant should be evicted.

Lewis's answer, on the call made on him in warranty, denies title in the plaintiff, and sets out the means by which any right, she once had in the premises, has been transferred to him.

The first is, under a purchase made by him on the sixth of July, 1826, at a sale made by the marshal of the United States Court, under a judgment, wherein the United States were plaintiffs, and J. P. Lafon, ancestor of the petitioner, was defendant.

The second, in virtue of a deed of sale made on the eighth of July, 1830, by the sheriff of Plaquemine, on a judgment obtained by the respondent against the petitioner.

Both parties in this suit claim under Lewis, the warrantor. He sold, it appears, the premises to Barthelemy Lafon, the uncle of the petitioner, who, at his death, transmitted them to his brother, Jean Pierre Lafon, who being also dead, the title to the property passed to the petitioner and her sister.

After the death of the plaintiff's father, Lewis purchased from her the whole of the tract, supposing she had title to it. He afterwards brought a suit, and had this sale annulled. So that the sole question before the court is the validity of his title under the purchases, made by him, at the sheriff's and at the marshal's sales.

The deed from the sheriff is in the usual form, and the return of the sheriff on the writ of execution, on which the sale was made, is in these words : "Received, May 7th, 1830, and seized all the right, title and interest of the defendant to a tract of land, situated in the Parish of Plaquemine, on the right hand of the River Mississippi, at about forty miles below the city of New-Orleans, measuring about fifteen arpents fronting the river, and forty arpents in depth, bounded above by lands of Benjamin Smith, and below by lands of Robert Andrews, and having exposed the same for sale at public auction on Monday, the twenty-first day of June last past, at the seat of justice in the parish, and which property was not sold for want of bidders to the two-thirds of its appraised value, but was again announced on a credit of twelve months, with five per centum interest, and was adjudicated, on the eighth day of the present month of July, to the plaintiff, Joshua Lewis, the highest and the last bidder, after all the requisites of the law had been fully complied with, for the sum of seven hundred and fifty dollars, &c."

The plaintiff attended the sale, and was the highest bidder. The surety she offered, was rejected by the sheriff. She then requested three days to procure one. This request was also refused, and he immediately exposed the property a second time to sale. At this second exposure, the plaintiff bid higher than Lewis, but the sheriff paid no attention to her bid, and adjudicated the property to Lewis.

EASTERN DIST.
*March,* 1832.

LAFON
*vs.*
SMITH ET ALS,

Several objections have been made to the legality of the title thus acquired :

1. That the sheriff should have allowed the plaintiff three days to seek for, and obtain security.

2. That the Parish Court of New-Orleans had not power to issue a writ of execution to the sheriff of the parish of Plaquemine.

3. That the formalities, which the law requires to precede a sale, had not been complied with.

*First.* There is no law which required, or would authorise the sheriff to wait three days for the bidder to find security ; and public convenience is quite opposed to such a rule. If at the end of the three days, the bidder had not found a legal surety, the property could not have been sold again, without the delays and advertisements required in the first instance. Such a practice would operate as a grievous and unnecessary impediment to the plaintiff's recovery, and would in truth enable a defendant to defeat an execution so long as he thought proper. The sheriff was not authorised to postpone the sale, over the day it was announced to be sold. The 689th article of the Code of Practice, evidently, contemplates an immediate exposure to sale, in case the purchaser fails to comply with the requisitions of the law.

There is no law which requires, or would authorise the sheriff to wait three days for the bidder to find security.

*Second.* The 642d article of the Code of Practice, is relied on by one party, to show the court had the power to issue the execution. The 746th article of the same work, is offered on the other side, to prove it did not possess such authority. The first says, the writ of *fieri facias* may be directed to the parish where the property of the defendant is situated. The latter provides, that in case judgment has been rendered in this state by a tribunal different from that in which the execution is sought, the plaintiff who seeks to enforce it, *may* proceed by executory process. These laws are not in direct opposition to each other. They may both stand together. And it is our duty to give them both effect, if possible. We think, they intended to furnish two remedies, and, consequently, a resort to either was legal. This opinion renders it unnecessary to express one, in relation to the jurisdiction of the Parish Court

The 642d and 746th *articles of the Code of Practice* are not in opposition to each other, but afford a double remedy—that is, the plaintiff may either proceed by the executory process, or cause the *fi. fa.* to be directed to the parish where the property of the defendant is situated.

of New-Orleans, and whether it has concurrent authority with that of the first district, in relation to place, as it clearly has in all other matters.

*Third.* The third objection embraces several matters, which differ in importance. It need not be examined, whether the right to have moveable property sold first, be the privilege of creditor or debtor, or of both. If it be that of the plaintiff, he has waived it; if it be that of the defendant, she has also done so by making no objection to the seizure and sale of her real estate, of which the record shows she had notice. Under such circumstances, the court are bound to presume, there was no moveable property, out of which the execution could be satisfied. The objection to the writ, because it was not in the French and English languages, is disposed of by the answer furnished by counsel, that there is no evidence on record that French is the mother tongue of the defendant. The want of evidence of notice being given to the defendant, of the seizure, and to appoint appraisers; that appraisement was made, and that the property was duly advertised; form the other grounds on which the validity of the sale is contested. The question raised by these objections, is one of considerable importance. There can be no doubt but a sale made by a sheriff, contrary to the laws regulating this mode of alienation, does not vest the debtor's right to the property in the vendee, because property can only be transferred from the owner, by his consent, or by a sale made *according to law*, which takes place and supplies the want of his consent. But with this admission, we have still open the inquiry, whether the sheriff's deed and return, be not evidence, the formalities of law have been complied with. It is contended they are not. In the case of *Barrabino* vs. *Brashear*, this court decided, that it was the duty of the party, attacking the validity of a sheriff's sale, to prove the formalities required by law, had not been pursued. The rule in those countries, from which we have taken the form of our writ and mode of executing it, is, as we understand, in conformity with the doctrine recognised by this tribunal. They only require, the vendee under a sheriff's sale, to show judgment, execution and deed. But if this question be still an open one,

*The objection that the proceedings were not in the French and English languages, will not avail, unless there be evidence on the record to show that French was the mother tongue of the party.*

*A return by the sheriff is prima facie evidence between the parties to a suit.*

a decision of it, in the present case, is unnecessary. The sheriff returns, that he has complied with all the formalities of law. And nothing is better settled, than that a return by a sheriff is *prima facie* evidence between the parties to the suit.   11 *East*, 296.   1 *Peters* (*Ad.*) 441.   3 *Mumford*, 81.   *Phillips on Evidence*, 313.   3 *Mas. Rep.*   *C. C.* 546.   8 *Martin*, 682.

EASTERN DIST.
*March,* 1832.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be affirmed with costs.

*Sterrett*, for appellant.   *Slidell*, for appellee.