WESTERN DIS,
Sept. 1832.

STOUTE
vs.
VOORHIES
ET AL.

STOUTE *vs.* VOORHIES ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

The articles 2588—90, of the Louisiana Code, relate to sales by auction, both voluntary and forced, and not to sheriff's sales; and the articles 2588—9, are particularly applicable to voluntary sales.

The articles 690—95, of the Code of Practice, relate to sheriffs' sales, which transfer to the purchaser all the rights of the party to the property in whose hands it is seized. The sheriff is allowed three days to make out an act of sale in form, but is not bound to do so, until the purchaser complies with the terms of sale.

So if a sale is made for cash, and the highest bidder to whom it is bid off, fails to make immediate payment, the sheriff may set up the property and sell it anew, without re-advertising, and after the hours of sale have elapsed.

There is no positive municipal regulation or principle of law, forbidding several persons at a sheriff's sale from combining together, and agreeing for the bid of one, to be taken for all of them, to prevent competition in bids.

The plaintiff in this case, had become the purchaser of a tract of land in July, 1830, sold at sheriff's sale, for which he executed a twelve months bond, with security. In 1831, an execution issued on this bond, was levied on this tract of land, which was advertised to be sold for cash at the court house door in Vermillionville, the 25th of August, 1831, between the hours of ten and three o'clock in the afternoon. The plaintiff, with the defendant and several other persons, bid against each other, when about fifteen minutes past three o'clock, it was adjudged to the plaintiff as the last and highest bidder, for five hundred and ninety-five dollars. The sheriff immediately demanded of the plaintiff the price of his bid, who informed him he would be ready to pay the money next morning, and receive a title. The sheriff refused to

wait; the plaintiff then offered to give security to furnish the
money in the morning; but the sheriff immediately put up
the land at public sale, against the will of plaintiff, after the
hour stated in the advertisement had elapsed, when the
defendant and the other bidders combined together, and
agreed that one should bid for all of them: The land was
adjudged the second time to the defendant Voorhies, and his
associates, for the sum of one hundred and ten dollars. The
plaintiff alleges the land became his by his bid, and that he
had a right to twenty-four hours in which to make payment;
and that he was ready to comply, and never refused to comply
with his bid and the terms of sale; and that the adjudication
to the defendants is null and void: 1. Because the sheriff
omitted to re-advertise the land. 2. Because he refused a
reasonable time to the plaintiff to make payment and
rejected his bid illegally. 3. Because the hours mentioned
in the advertisement, limiting the time of sale, had expired
before it was again offered. 4. Because of an illegal and
fraudulent conspiracy between Voorhies and his associates,
by combining together to prevent the land from bringing its
real value, and also to prevent competition among bidders,
&c.

The plaintiff prays that the sale to defendants be annulled,
and declared of no effect.

There were separate answers by some of the persons
charged as defendants, denying they had any interest in the
purchase. C. Voorhies, J. J. Neveu, J. Casteneau, and
André Martin, pleaded a general denial, and that they were
guilty of no fraud or collusion, but that the sheriff's sale to
them was legal and valid; and they prayed that it be
confirmed, &c.

There was judgement for the defendants, quieting them in
their title to the property purchased.

The plaintiff appealed.

It was proved that the property was put up immediately
and resold, after the hour in the advertisement had expired;
that the defendants were engaged in the purchase, but had

WESTERN DIS.
Sept. 1832.

STOUTE
vs.
VOORHIES
ET AL.

arranged it, so that only one of them was to bid. It was also shown by the plaintiff, that he could have raised the money to pay for his bid the next day, and have given good security in the meantime, until the money was paid. The land sold and purchased by defendants, was estimated by witnesses to be worth from two thousand to two thousand five hundred dollars.

*Garland*, for plaintiff, contended:

1. That the second adjudication is null, because the first adjudication to the plaintiff vested a title in him, which cannot be divested but by certain legal formalities. C. P. 690–95, *La. Code*, 2586.

2. Because the plaintiff was entitled to retain the price, until the sheriff made a deed; who had no right to offer the land anew, until he had made a tender of the deed, for which three days, or twenty-four hours at least, are allowed. *La. Code*, 2588, C. P. 691.

3. Because the sheriff failed to re-advertise the property on the second sale, and refused to wait any time for the first purchaser to pay the money, though he was informed he had it. *La. Code*, 2589.

4. Because the sheriff offered the land for sale the second time, after the hour had elapsed within which it was advertised to be sold, and it was not advertised at all on the church door, as required by law. C. P. 667–8, 677.

5. Because of an illegal conspiracy among the defendants, to defraud the plaintiff, and purchase his property at a great sacrifice. 3 *M. N. S.* 70, 46. 1 *Cowper*, 395. 6 *Durn. and East.* 299, 6 *Johns.* 194, 8 *do.* 444.

MATHEWS, J., delivered the opinion of the court.

In this case, the plaintiff prays to have an adjudication and sale of his property, made by the sheriff of the parish of Lafayette, annulled, in consequence of informalities in the adjudication, and of an unjust and fraudulent combination

between the bidders, the present defendants, to obtain the property sold for a price far below its real value. Judgement was rendered in favor of the defendants in the court below, from which the plaintiff appealed.

WESTERN DIS.
Sept. 1832.

STOUTE
vs.
VOORHIES
ET AL.

The principal ground of informality in the conduct of the officer, relied on for a rescission of the sale, as it appears by the evidence of the case, is the adjudication of the property after the time prescribed by the advertisement. It was advertised to be sold between the hours of ten o'clock in the forenoon and two in the afternoon, of the 25th of August, 1831. It appears by the evidence of the sheriff, that he delayed offering the property for sale until after one o'clock, at the request of the plaintiff, who bid for it to the amount of five hundred and ninety-five dollars, and being at that price the last and highest bidder, it was struck off to him; but he failing to pay this sum by him bid, the officer about three o'clock or some time after, again put the property up for sale, and at this time, it was adjudged to Voorhies, one of the defendants, as the highest bidder, and was afterwards conveyed by the sheriff to him and several other of the defendants.

From these facts, the question arises, whether the sale was not illegal, as not having been made in the manner prescribed by law, and contrary to the notice publicly given. It is proper, however, to settle a previous question, raised by the plaintiff's counsel, relating to the right acquired by the bid of the former purchaser, although he did not immediately comply with the condition of the sale, which was for cash.

In support of this right, reliance is had on the articles of the Code of Practice, 690—95; and on the articles of the Louisiana Code, 2588—90. The provisions of the Louisiana Code, relate to sales by auction, both to voluntary and forced sales; but we are of opinion that the article 2589, is particularly applicable to voluntary sales, as is also the preceding article.

The Code of Practice relates to sheriffs sales, and according to the articles cited, an adjudication has the effect of

The articles 2588—90, of the Louisiana Code, relate to sales by auction, both voluntary and forced, and not to sheriffs' sales; and the articles 2588—9, are particularly applicable to voluntary sales.

The articles 690—95, of the

WESTERN DIS.
Sept. 1830.

STOUTE
vs.
VOORHIES
ET AL.

Code of Practice, relate to sheriffs' sales, which transfer to the purchaser all the rights of the party to the property in whose hands it is seized. The sheriff is allowed three days to make out an act of sale in form; but is not bound to do so until the purchaser complies with the terms of sale.

So if a sale is made for cash, and the highest bidder to whom it is bid off, fails to make immediate payment, the sheriff may set up the property and sell it anew, without re-advertising, and after the hours of sale have elapsed.

There is no positive municipal regulation or principle of law, forbidding several persons at a sheriff's sale, from combining together, and agreeing for the bid of one to be taken for all of them, to prevent competition in bids.

transferring to the purchaser all the rights of the party in whose hands the property was seized; and the sheriff is allowed three days, within which he must make an act of sale in form. This transfer of rights, does not, in our opinion, take place; and, consequently, the officer is not bound to perfect the sale by an act translative of them to the purchaser, unless the latter has complied with the conditions of such sale. The condition of the adjudication in the present instance, was, that the purchaser should pay cash; this he was unable to do, and the sheriff was authorized to expose the property to sale anew, and adjudge it to another person. *Code of Pr.* 689.

The authority of the officer thus to proceed, is not in any manner controled by the article 2589 of the Louisiana Code; that article applying more particularly to voluntary sales.

We must now examine the alleged illegality of sale, as having been made after the hour announced by the advertisement. Whether a sheriff would be authorized to expose property seized, for sale anew, in consequence of the non-compliance of a bidder (not the defendant in execution) with the conditions of the sale after the expiration of the hours of sale, we need not inquire in the present case. All the delay in the adjudication, was occasioned by the conduct of the plaintiff, and he ought not to be allowed to profit by his own misconduct, to the prejudice of a fair and *bona fide* purchaser. It is shown by evidence, that the officer postponed crying the property at the request of the defendant in execution, until a late period of the time as advertised, and when struck off to him, he failed to comply with the conditions of the adjudication. We are, therefore, of opinion, that the sheriff was authorized immediately to proceed to adjudicate the property seized, to any other person.

As to the want of honesty in the conduct of the persons to whom the adjudication was made, it is not shown that they acted in violation of any positive municipal regulation; and the morality or immorality of their proceedings, is involved

in so much doubt, as not to form a proper basis for a decree annulling the sale.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.