WESTERN DIS.
September, 1841.

WALKER
vs.
ALLEN ET AL.

---

## WALKER vs. ALLEN ET AL.

19L 307
49  586

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE DISTRICT PRESIDING.

Where a party shows a judgment, execution, sheriff's return thereon, and deed of sale, it is *prima facia* evidence of a valid alienation; and the party attacking the sale must show the forms of law have not been fulfilled.

If a purchaser at sheriff's sale does not offer good security, the sheriff must sell again immediately. If he gives any delay, it is at his own risk, and he will be liable in damages to the plaintiff in execution, if any are sustained in consequence of such delay.

WESTERN DIS. This is an action against the purchaser at sheriff's sale, of a
*September*,1841. tract of land; and the sheriff who made it, to annul and set it
aside, on account of the illegal acts of the sheriff and the want
WALKER
*vs.*
ALLEN ET AL. of the formalities required by law, to render it a valid sale.—
The plaintiff claims heavy damages against the sheriff for the
alleged illegal sale of his land, and prays that the sale be set
aside, and the land restored to him.

The defendants severed in their answers; but both averred
that the sale was fairly made, and all the formalities required
by law complied with. They deny any collusion or unfair
conduct, and expressly aver that the sale is valid and good,
and that the defendant, Allen, be quieted in his possession
and title to the same. The sheriff declares that he has no
interest in the matter except to see his sale, as sheriff, main-
tained. He prays that the suit be dismissed, as to him.

On the evidence produced, and arguments of counsel, the
cause was submitted to a jury who returned a verdict for the
defendants, acquitting the sheriff of any blame whatever in
making said sale. There was judgment in favor of the de-
fendants; and after an unsuccessful attempt to obtain a new
trial, the plaintiff appealed.

*Splane*, for the plaintiff.

*T. H. Lewis & Maskell*, for the defendants.

*Garland, J.* delivered the opinion of the court.

The plaintiff alleges he is the owner and proprietor of an
undivided half of a tract of land of twenty-eight arpents front,
by forty in depth, on the Bayou Bœuf, in the Parish of St.
Mary, and fourteen slaves, together with the buildings and
improvements on the land; which he says the defendant,
Allen, claims and possesses as his property. He also claims
$15,000 damages from Hudson, for his illegal and improper
conduct and acts, as sheriff, in selling said land and slaves.
The answers of the defendants deny all allegations of im-

proper or illegal conduct, and state that Allen purchased the property at a sale made by the sheriff of St. Mary, under an execution issuing out of the District Court in New Orleans, in favor of Thomas Barrett *vs.* Walker.

The case depends entirely upon the acts of the sheriff under this execution, and we have scrutinized them closely, without being able to detect any error in them.

It is well settled that a judgment, sheriff's deed, and return upon the execution, furnish *prima facia* evidence of a valid alienation, and he who attacks it must show the forms of law have not been complied with; 8 *La. Rep.* 423; 3 *Idem* 476; 5 *Idem* 486; 9 *Idem* 542; 16 *Idem* 454, 547.—In this case a regular judgment, execution and sheriff's deed have been produced, and it therefore devolves on the plaintiff to show the other legal formalities have not been fulfilled. This he has undertaken to do, with what success will be seen, when each objection is examined.

*Where a party shows a judgment. execution, sheriff's return thereon, and deed of sale, it is prima facia evidence of a valid alienation; and the party attacking the sale must show the forms of law have not been fulfilled.*

It is first alledged the plaintiff had himself become the purchaser of the property in question, at a sale made by the sheriff on the same day the defendant purchased it. It appears, the plaintiff had specially authorized one William Bigler, who owned the other half of the land and slaves, to purchase in the property seized, and sign a twelve months bond. Accordingly, Bigler bid off the property in the name of plaintiff, and offered himself as security on the twelve months bond; the sheriff declined accepting him, on the ground he was not sufficient, and no other security being offered who was present to sign the bond, the sheriff again set up the property, when it was adjudicated to the defendant, who gave bond and security as required by law. The plaintiff says, that after Bigler was rejected as insufficient, other security could have been given, if the sheriff had have given sufficient time to have procured it, and he offers to prove by one Daniel Morrison, that if he had been applied to, he would have signed the bond, but he never had been requested to do so.

The defendant objected to the examination of this witness,

WESTERN DIS.
September,1841.

WALKER.
*vs.*
ALLEN ET AL.

and the court sustained the objection, to which the plaintiff excepted. We do not deem it necessary to decide upon this bill of exception, because if the testimony were before us, it would not produce any change in our opinion, on the question. The witness had never been asked to become security, it is not shown he was at the time in the neighborhood, though he lived a short distance from the place; and Bigler does not seem to have asked for definite time to obtain the security, besides all this, testimony of what a man might have done two years previous, if he had been asked, is not of much weight.—' He might not have entertained the same opinion in relation to the matter at the two periods. But the duties of sheriffs in this respect are well known, and have long since been promulgated by this court. In the case of Dufau et al. *vs.* Massicott et al.; 3 Martin, 294; it was held, where property was struck off to a bidder who failed to comply with the terms of the sale, the sheriff is not bound to grant any delay, but may sell again immediately. In 8 Martin, 220; a similar doctrine was established. In 3 La. Rep. 475; it is said, if a purchaser at a sheriffs' sale does not offer good security, the sheriff must sell again immediately. See also 4 La. Rep. 396; as establishing the same principle. If a sheriff gives any delay in a case of this kind, he does so at his own risk, and would be liable in damages if the plaintiff in the execution sustained any by it. The plaintiff contends that Bigler was sufficient security, because, the property seized was sufficient to pay the debt. The sheriff, when interrogated on oath, says he thought him insufficient, and a witness testifies to the same fact; it further appears all his property was mortgaged for the purchase money.

*If a purchaser at sheriff's sale does not offer good security, the sheriff must sell again immediately. If he gives any delay, it is at his own risk, and he will be liable in damages to the plaintiff in execution, if any are sustained in consequence of such delay.*

The plaintiff alleges the execution was improperly issued, as an appeal had been taken from the judgment on which it issued. By referring to the order granting the appeal, it appears the execution issued three months before, and it is expressly stated not to be suspensive in its character. This objection is therefore unavailing.

The next objection is that the advertisements were not legal. It is in evidence that the advertisements were posted up at the court-house the legal number of days; they were published in a newspaper printed in the town of Franklin, every week, up to the sale. It is further shown that the church in that town is private property, the pastor has expressly forbidden the posting of advertisements on it, and he testifies that seeing an advertisement (as he believes in the case of Barrett vs. Walker,) stuck up there, he tore it down, considering it disrespectful to his congregation. We are unable to detect any error in the conduct of the sheriff in this particular.

The fourth objection is, that the notice of seizure was not legally served on plaintiff. It appears the plaintiff is a resident of Mississippi; he and Bigler were the owners of the plantation and slaves seized, they were in partnership in the plantation, saw-mill, and a contract in relation to live oak timber. Bigler, by the terms of the partnership, was the managing partner, and as to that, the agent of plaintiff. The notice of seizure was left with him, at the usual place of residence, and a power of attorney from plaintiff to Bigler, is in evidence authorizing him to act as agent at the final sale. This we think, a sufficient service of the notice of seizure, but if it were not, we think the plaintiff has waived any objections to it, by appearing himself at one time when a sale was to take place, and making no objections to the sheriff proceeding, and again appearing by his agent and bidding for the property. The notice is in the record and is very specific and full.

The fifth objection is, that the sheriff made the sale although he was directed by the attorneys of the plaintiff in execution, to postpone it indefinitely. The facts are, the sheriff received the execution from a gentleman of the bar, who gave him written directions how to proceed, and signed himself as attorney for Barrett. Under this order the sheriff seized, advertised the property for cash, there being no bidders at that sale, he advertised it to be sold on twelve months credit.

WESTERN DIS.
September,1841.

WALKER
vs.
ALLEN ET AL.

When he went to the place to make this sale, a letter was received from other attorneys, of whom he had no knowledge, previously directing him to postpone the sale. This embarrassed him considerably, but Walker being then present, consented to a postponement for nearly a month, in the meantime, the last mentioned attorneys countermanded their order for a postponement, and directed the sheriff to proceed and sell the property, which he did. There is nothing erroneous in this respect.

The other objections taken in the argument by the counsel for plaintiff, are so nearly similar to those considered and decided, in the case of M'Carty vs. M'Carty, that it is only necessary to refer to that case to decide them; see this case *ante* 300.

In conclusion, we have to remark, that we have never seen a case, in which a sheriff has complied more completely with the law in discharging his duty, and if the plaintiff has suffered by it, he cannot blame the officer who was charged with the execution.

The judgment of the District Court is therefore affirmed with costs.