SEPTEMBER, 1844.                    59

Brashear v. Lapice and others.    Simon and another v. Brashear.

---

EDWARD SIMON and another *v.* WALTER BRASHEAR.

It is no defence to an action by two members of the bar associated in the practice of law, for a conditional fee promised in case of success, that one of them, having been raised to the bench, took no part in the trial of the case.    *Per Cur.:* Where business is entrusted to two professional gentlemen associated in the practice, it may be attended to by either.

---

Simon and another v. Brashear.

A defect of form in a verdict will be cured, where the party against whom it was rendered made no attempt, under the provision of art 528 of the Code of Practice, to correct it below, nor made it a distinct ground for a new trial.

APPEAL from the District Court of St. Mary, *King*, J.

*Maskell*, and *T. H.* and *W. B. Lewis*, for the plaintiffs.

*W. C. Dwight*, for the appellant.

MORPHY, J. Ethan Allen bought, in December, 1838, an undivided half of a tract of land on the Bayou Bœuf at a sheriff's sale, made in the suit of *Thomas Barrett* v. *Robert J. Walker.* Wm. Bigler, who held the other undivided half in partnership with Walker, retained possession of the land, and refused to recognize the rights acquired by Allen under the sheriff's sale, which conduct induced Allen to bring a suit against Bigler in 1839. About the same time Walker instituted an action to have the sheriff's sale to Allen annulled, on various grounds, which are fully set forth in the report of the case to be found in 19 La. 307. Allen engaged the professional services of the plaintiffs to attend to these suits, and entered into a written agreement binding himself to pay them a fee of $500 in case of success, and $250 in case they did not succeed. Allen afterwards transferred all his rights to the property on Bayou Bœuf to the present defendant, who, among other stipulations in the deed of sale, assumed to pay all lawyer's fees, costs, &c, incurred by Allen, and accordingly signed the written agreement previously entered into with the plaintiffs. The two suits were presecuted to a successful termination. The defendant having refused to pay the fee of $500 agreed to in case of success, the present suit was brought. The defence is, that Edward Simon, who was placed upon the bench of the Supreme Court of the State some time after the inception of these suits, never after appeared in them, nor rendered any service to the defendant. The jury to whom this case was submitted below, brought in their verdict in favor of the plaintiffs, whereupon, judgment having been entered up in their favor, the defendant appealed.

It is difficult to perceive the force of the defence set up in this case. Had E. Simon bestowed upon the appellant's business the utmost personal care and attention, he could not have achieved for him more than was actually obtained, to wit, a judgment

in his favor in both suits. The pleadings in the case are drawn up by Simon, and signed in the name of Simon and Maskell, and it appears that he engaged distinguished counsel to assist his former partner in the argument of the case before the appellate court ; but even had he not done so, and had Maskell alone conducted the suits and gained them, the defence now made would not have been listened to. When business is intrusted to two professional gentlemen, associated for the practice of the law, it may be attended to by either, and the client complains with bad grace, especially when he has gained his suit.

It has been urged that the verdict in this case is not in the form required by article 522 of the Code of Practice, as it mentions no specific sum. The defendant could have had this defect of form corrected before, or have made it a distinct ground for a new trial. He has done neither. Code of Practice, art. 528.

*Judgment affirmed.*