### CITY OF NEW ORLEANS v. L. A. PELLERIN.

Where property is offered for sale by the Sheriff under a writ of *fi. fa.*, on a credit, and the person to whom it is adjudicated does not offer such sureties as the Sheriff is willing to accept, nor take any proceedings against the Sheriff to force him to accept the sureties offered, the adjudication does not of itself confer a title. The regular course for the Sheriff in such a case is to offer the property again for sale immediately under the same writ, but if it is afterwards regularly sold by the Sheriff under the seizure of another creditor, the purchaser acquires a valid title.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *G. & C. E. Schmidt*, for plaintiff in rule and appellant. *M. M. Cohen*, for appellees.

SPOFFORD, J. On the 19th of January, 1856, the Sheriff of the parish of Orleans, acting under a writ of *fi. fa.*, issued in the above entitled case, adjudicated certain real estate to *Henry Pellerin*, for the sum of $17,500, for which the purchaser was to give his twelve months' bond, with good security. But the purchaser was not put in possession. The back taxes were not paid by him, nor was the only security offered by him accepted by the Sheriff. The writ was returned on the 19th of March, 1856, with a statement that this sale was not complied with.

On the 22d of March, 1856, the same property, having meanwhile continued in the Sheriff's possession under various seizures, was adjudicated, with another lot, to *J. A. Barelli*, for 17,000 cash, he having caused it to be seized and regularly advertised under an order of seizure and sale issued in his favor upon an act importing confession of judgment and containing the pact *de non alienando*.

*Henry Pellerin* has taken a rule on the Sheriff to show cause why he should not make him a deed of sale in conformity with the adjudication of the 19th of January. The rule was filed on the 3d of May.

The rule was properly dismissed under the evidence. The purchaser has never complied with his duty by offering good security. He took no rule on the Sheriff to show cause why the security he did offer should not be accepted. The testimony in this proceeding satisfied us, as it did the District Judge, that the Sheriff acted discreetly in declining to accept the only persons tendered as security by the bidder.

The regular course for the Sheriff to have taken, would have been to offer the property again for sale immediately under the same writ.

"If the person to whom the property has been adjudged shall refuse to pay the Sheriff the price of the adjudication, *or to offer the proper sureties* when the sale has been made on credit, the Sheriff shall expose to sale anew the thing seized and adjudge it to another person." C. P. 689. *Lafon* v. *Smith*, 3 La. 475.

But the neglect of the Sheriff to proceed to an immediate resale of the property under the same writ, cannot be complained of by the purchaser, who has never complied with his bid by a tender of such security as the law exacts. If he could demand a deed under these circumstances, he would get property without paying the price. It is now too late for him to offer any new security, which, however, he does not appear to have offered. He rests his case upon the assumption that the adjudication made him absolute owner of the property. Meanwhile, he having no deed, the property has been sold under a judgment against the recorded owner to *Barelli*, who has been notified of this rule, and who is in possession under a title valid upon its face, and unassisted by any direct proceedings.

The original owner, and the judgment creditor under whose execution the adjudication was made to *Henry Pellerin*, are no parties to this proceeding. The plaintiff in the rule, being a mere bidder who failed to comply with his bid, is without interest to attack the title of *Barelli*, or the proceedings under which he acquired the title.

Judgment affirmed.