## CONVERSE, KENNETT & CO. v. STEAMER SYDONIA et al.

Where the Sheriff had made a second adjudication of property, the first purchaser having failed to comply with the terms of the sale—*Held:* That the first purchaser could not take a rule on the second purchaser to show cause why the second adjudication should not be set aside; he could only proceed by petition and citation.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
     *Clark & Bayne*, for appellants.    *C. A. Taylor* and *Budd & Lambert*, for appellees.

COLE, J. Certain property was seized to satisfy an execution in this case; it did not bring on the day of sale two-thirds of its appraisement, and was re-advertised for sale on twelve months bond. At the second offering *L. U. Gaiennie*, for account of *J. J. Burras*, became the purchaser; but failing to give the name of the surety on the bond, the Sheriff, in a few moments, re-offered the property, whereupon *William Harris* and *Hugh Murphy* became the purchasers for a less price than that bid by *Gaiennie*. The first purchaser and *Z. Angomar*, one of the defendants in execution, have taken this rule on Sheriff *Bell* and the second purchasers, to show cause why the second adjudication on the twelve months bond should not be annulled, and a deed made to the first purchaser in accordance with the terms of the first adjudication.

1. The lower court properly sustained the exception of the second purchasers to being brought into court by rule to contest their title. As the object of the rule was to divest them of real property, appellants ought to have proceeded by petition and citation.

<div style="float:right">CONVERSE<br>*v.*<br>SHIP SYDONIA.</div>

2. The evidence does not establish that the first purchaser offered the proper security to the Sheriff. Art. 689 C. P. declares: "If the person to whom the property has been adjudged, shall refuse to pay to the Sheriff the price of the adjudication or to offer the proper securities, when the sale has been made on credit, the Sheriff shall expose to sale anew the thing seized and adjudge it to another person."

The title of property does not become perfect by a Sheriff's sale, unless the purchaser complies with the terms; it is the official duty of the Sheriff to adjudicate the property to the highest bidder; he does it on the supposition that the purchaser will execute his part of the contract of sale. When, then, a sale is made on credit, and the purchaser does not at once, when demanded by the Sheriff, communicate to him the name of his security, the Sheriff is not obliged to wait, but may proceed to offer it at once again. *Walker* v. *Allen*, 19 La. 310. If the contrary rule were adopted, sales might be postponed almost indefinitely.

The Sheriff has the right to know at once the name of the security, and is not obliged to wait until the concourse of people is dispersed, and then be obliged to re-advertise the property. It appears from the testimony of the Deputy Sheriff, that he demanded the name of the security of the first purchaser and received no answer. Appellants aver that he left to get his security; there is no error in the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.