'(57 South. 578.)

No. 18,715.

BECK v. PROGRESSIVE REALTY CO., Limited.

(Oct. 30, 1911. On Rehearing, Feb. 12, 1912.)

*(Syllabus by the Court.)*

1. MORTGAGES (§ 515*)—FORECLOSURE—SALE —TERMS.

The contract right of a mortgagee to cause the mortgaged premises to be seized and sold, without appraisement, to the highest bidder for cash, does not warrant an order of foreclosure directing the sale of the property for cash payable at the moment of adjudication.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1517; Dec. Dig. § 515.*]

2. JUDICIAL SALES (§ 16*)—TERMS OF SALE— STATUTORY PROVISIONS.

Where an immovable is sold at public auction for cash, the purchaser may retain the price until the act of sale is passed. C. C. 2610.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 38, 39; Dec. Dig. § 16.*]

3. JUDICIAL SALES (§ 16*) — TERMS—STATU-TORY PROVISIONS.

Act No. 316 of 1908 predicates the existence of a judgment or order directing the sale of real estate in the parish of Orleans for cash according to law, but on its face has no application where a judgment or order of court directs that the whole price be paid in cash at the moment of adjudication.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 38, 39; Dec. Dig. § 16.*]

On Rehearing.

4. JUDICIAL SALES (§ 22*)—PERFORMANCE— PAYMENT OF PRICE.

Where real estate is adjudicated for cash at a judicial sale, the purchaser cannot retain the price until the act of sale is passed, as provided in case of a voluntary sale at public auction, but must comply with his bid on the demand of the officer making the sale.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 47; Dec. Dig. § 22.*]

5. JUDICIAL SALES (§ 16*)—TERMS—STATU-TORY PROVISIONS.

Act No. 316 of 1908 has no application, where the court orders, or the seizing creditor instructs, the sheriff to sell for cash payable at the time of the adjudication.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 38, 39; Dec. Dig. § 16.*]

Appeal from Civil District Court; Parish of Orleans; E. K. Skinner, Judge.

Action by Theodore A. Beck against the Progressive Realty Company, Limited. From a judgment dismissing an injunction suit by defendant against plaintiff on an exception of no cause of action, defendant appeals. Affirmed.

Dinkelspiel, Hart & Davey, Zengel, Thomas & Suthon, J. R. Loomis, and John Watt, for appellant. Legier & Gleason, for appellee.

LAND, J. Plaintiff sued out executory process on an authentic act of mortgage in the usual form executed by the defendant to secure the payment of its note for $2,000, with interest, attorney fees, and costs.

Defendant enjoined the execution of the writ on the grounds that the property could not be lawfully sold for spot cash as ordered by the plaintiff, that the title of the defendant to the property was in litigation, and that a sale for spot cash would deter bidders and cause the property to be sacrificed, and that the notice of the demand was illegal, in that payment demanded at the clerk's office, courthouse, Jackson Square, a place where there is no clerk's office.

The injunction suit was dismissed on an exception of no cause of action; and the defendant has appealed.

[1] It is admitted that the plaintiff notified the sheriff to sell the property for cash on the spot.

The act of mortgage stipulated that, in the event the mortgage note was not promptly paid at maturity, the holder thereof should have the right to cause the property to be seized and sold without appraisement to the highest bidder for cash. The prayer of the petition for executory process was for a sale at public auction to the highest bidder payable cash at the moment of adjudication and without appraisement. The court ordered that executory process issue as prayed for. The writ directed the sheriff to

seize and sell for cash to the highest bidder without appraisement.

The act of mortgage authorized a sale for cash without the benefit of appraisement.

[2] Where an immovable is sold at public auction for cash, the purchaser may retain the price, and the seller the possession of the thing until the act of sale be passed. C. C. 2610. It follows that the order directing a sale for cash payable at the moment of adjudication was clearly illegal, and was not warranted by the stipulation in the act of mortgage.

[3] The act of mortgage in question was executed in November, 1906. In 1908 Act No. 316, was passed in reference to judicial sales of real estate in the parish of Orleans. Section 1 reads as follows:

"That in all sales of real property by sheriffs or constables where the terms of sale are not fixed in the judgment or order of sale, or writ, it shall be competent for the party provoking the sale or controlling the writ to instruct the sheriff or constable before the advertisement as to what portion of the purchase price shall be paid at the moment of the adjudication, or in default of such instructions the sheriff or constable may fix the amount, which shall not in any case be less than 10 per cent., and this shall be stated in the advertisement."

[5] This statute, even if it has a retroactive effect, does not authorize any court to order immovables sold for cash payable at the moment of adjudication, or any plaintiff in execution to so instruct the officer directed to make the sale. The statute predicates the existence of a judgment or order directing a sale for cash according to law, and authorizes the party controlling the writ, or in his default the officer holding the writ, to fix the portion of the price to be paid at the moment of adjudication. This statute practically forbids a sale for cash payable at the moment of adjudication, unless so ordered by the court. In the case at bar the court so ordered, and therefore the statute has no application. The only question before us is as to the legality of the order for executory process.

As the case is not at issue on the merits, we are compelled to remand it for further proceedings.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the exceptions filed by defendant in injunction be overruled, and that the cause be remanded for further proceedings according to law; said defendant to pay all costs up to date.

### On Rehearing.

On the original hearing, no authorities were cited by counsel for appellee in support of the validity of the order of sale for cash at the moment of adjudication, and the court assumed that the question was res nova.

[4] On the rehearing cases have been cited which show that our predecessors have held that article 2610 of the Civil Code did not govern in cases of judicial sales. But none of the cases go to the extent of holding that the purchaser must pay cash at the moment of adjudication. In Lafon v. Smith, 3 La. 475, the court held that there is no law that authorized the sheriff to wait three days for the bidder to find security, and that "the sheriff was not authorized to postpone the sale over the day it was announced to be sold."

In Stoute v. Voorhies, 4 La. 392, the property was adjudicated to defendant in execution, who failed to comply with his bid, and the sheriff thereupon, after the hours of sale, reoffered the property, which was adjudicated to a third person. Article 689 of the Code of Practice reads as follows:

"If the party to whom the property has been adjudged shall refuse to pay to the sheriff the price of the adjudication or to offer the proper sureties when the sale has been made on a credit, the sheriff shall expose to sale anew the thing seized, and adjudge it to another person."

Hence the purchaser must pay on the demand of the sheriff, and not at the moment

of adjudication. The writ in this case commanded the sheriff to sell according to law, and the seizing creditor notified the sheriff to sell the property for cash on the spot, as he had a right to do under Act No. 316 of 1908.

It is therefore ordered that our former decree herein be vacated, and it is now ordered that the judgment below be affirmed, appellant to pay costs of appeal.