ST. PAUL, J.
 

 E. L. Woodley held a mortgage on certain property of the Reclamation Oil Company, and, upon their failure to pay, he sued out executory process against the same.
 

 The property was offered for sale by the defendant, as sheriff, on June 18, 1921; and at that sale plaintiff bid $10,000 for said property, and same was adjudicated to him for said sum, payable cash; but as plaintiff then had only $2,500, it was agreed that he would be granted additional time to pay the balance.
 

 There is some conflict of testimony as to whether anything was said at the time as to plaintiff being granted said delay also for the purpose of looking into the validity of the title to the land adjudicated. But that is wholly immaterial since, of course, plaintiff was entitled to a reasonable time in which to examine said title before finally accepting the property and parting irrevocably with the price, even had he put up the whole amount of his bid at the moment of the adjudication; for the sale of a thing belonging to another is null. R. C. C. art. 2452.
 

 At any rate, plaintiff did cause said title to be examined by his attorney, who found some objection thereto which he reported to plaintiff. But the view wiiich we take of this casé dispenses with the necessity of passing upon the sufficiency of the objections urged against said title.
 

 Again there is some conflict of testimony as to whether or not plaintiff made known to the sheriff and to the seizing creditor the objections which he raised to said title.
 

 Suffice it, however, to say that plaintiff failed and neglected to pay to the sheriff the balance of the price, and “refused to take title to said property as required by law.” See sheriff’s return, transcript, 136.
 

 Whereupon the sheriff, under direction of the seizing creditor, proceeded to reoffer said property for sale as he was authorized to do
 
 *867
 
 under article 689 of the Code of Practice, at which second offering the property was bid in by Woodley, the seizing creditor, for $500, and was adjudicated and delivered to him for said price, to wit, on October 15, 1921. See Sheriff’s proces verbal, .transcript, 133, 134.
 

 Meanwhile plaintiff was demanding of the sheriff the return of the $2,500 which he had paid
 
 ¡
 
 to the sheriff at the time of the first offering for sale. But, notwithstanding these demands on the part of plaintiff, the sheriff, nqne the less, paid over said sum to Woodley, the seizing creditor. Whether this was done before or- after the second offering does not appear from the record; but admittedly it was after plaintiff had made demand for the return thereof.
 

 I.
 

 This is an action by plaintiff, the adjudieatee at the first offering, against the sheriff for the return of the $2,500 paid at the first offering; and the sheriff has called in warranty Woodley, the seizing creditor to whom he paid over said amount.
 

 In answer to the call in warranty, Woodley
 
 reconvened
 
 against the plaintiff for the sum of $9,500, being the difference between the amount of plainti/f’s bid at the first offering and the amount for which the property sold at the second offering. The trial judge allowed the .reconventional demand to be filed, notwithstanding the objection of plaintiff that to do so would be contrary to the rules of pleading and practice in this state. But in the final judgment the trial judge allowed -Woodley nothing upon said reconventional demand, merely reserving his right of action for damages, if any.
 

 Otherwise the judgment was for plaintiff as prayed for, and in favor of the sheriff on his demand in warranty. From which judgment the sheriff and Woodley have appealed.
 

 II.
 

 We find it unnecessary to decide whether a “reconventional” demand is the proper procedure in such .cases or an
 
 intervention
 
 duly served on both parties, since * plaintiff has ashed no amendment to the judge’s ruling in that respect. And as to the merits of the re-conventional demand, they are so intimately connected with the merits of the case itself that disposing of the one disposes also of the other.
 

 Eor it will be observed that the reconventional demand proceeds on the assumption that the second offering of the property for sale was like unto an offering a la folie enchére, wherein the defaulting bidder at a first sale is liable for any deficiency in the price fetched at the second sale. On the other hand, the sheriff contends that the $2,500 deposited at the first sale was in the nature of earnest money, or guaranty that the balance of the purchase price would be paid, in either case to be
 
 foi-feited
 
 should the bidder default.
 

 If Woodley’s position be correct, then it follows that plaintiff is entitled neither legally nor equitably to the return of his $2,-500, but, on the contrary, owes Woodley $7,-000 in addition thereto, so as to make up the deficiency in the price fetched at the second offering.
 

 And, if the sheriff’s position be correct, then it follows that plaintiff is not entitled to the return of his deposit, though not liable for any further deficiency.
 

 But, if neither Woodley nor the sheriff be correct, then it follows that plaintiff is entitled to the return of his money without' more ado.
 

 III.
 

 In Gallier v. Garcia, 2 Rob. 319, this court said:
 

 “After a most deliberate examination of the question, we are of opinion that the doctrine relating to sales iL la folie enchére is not applicable to those made by a .sheriff under writs is
 
 *869
 
 suing on final judgments. * * * When we turn to article 2589 of the Code [now R. C. C. art. 2011], and observe the formalities required for selling property at'the risk of the first bidder, we find them altogether different from the directions given to the sheriff by article 689 of the Code of Practice”—citing Stoute v. Voorhies, 4 La. 392.
 

 To which this court added, in Weil v. Schwartz, 49 La. Ann. 582, 21 So. 859 :
 

 “The same principle has been frequently since maintained: for instance, in Nolte v. Creditors, 3 La. 268; Durnford v. Degruys, 8 Mart. (La.) 220 [13 Am. Dec. 285]; Walker v. Allen, 19 La. 311; McCargo v. Insurance Co., 10 Rob. (La.) 307 [43 Am. Dec. 180]; Amory v. Black, 13 La. 268; Duncan v. Armant, 3 La. Ann. 84; City v. Pellerin, 12 La. Ann. 92; and Insurance Co. v. Ruddock, 22 La. Ann. 46”— citing also Guillotte v. Jennings, 4 La. Ann. 242, Municipality v. Hennen, 14 La. 586, and Jennings v. Hodges, 16 La. Ann. 321.
 

 It follows, therefore, that the contention made by Woodley is not tenable.
 

 IV.
 

 • Article 689 of the Code of Practice provides :
 

 “Art. 689. If the person to whom the property has been adjudged shall refuse to pay to the sheriff the price of the adjudication, or to offer the proper sureties when the sale has been made on credit, the sheriff shall expose to sale anew the thing seized, and adjudge it to another person.”
 

 In Lafon v. Smith, 3 La. 473, this court held that the sheriff was neither required, nor even authorized, to grant a bidder time to look around for sureties, saying:
 

 “The sheriff was not authorized to postpone the sale. * * * The 689th article of the Code of Practice, evidently, contemplates an immediate exposure to sale, in ease the purchaser fails to eompljf with the requisitions of the law.”
 

 In Stoute v. Voorhies, 4 La. 392, the court held that if a sale is made by the sheriff for cash, and'the bidder to'whom it is adjudicated fails to make immediate payment, the sheriff may set up the property and sell it anew, on the same day, without readvertising, and even after the hours of sale have elapsed. See, also, Gallier v. Garcia, 2 Rob. 319; Walker v. Allen, 19 La. 307; Dunlap v. Whitmer, 133 La. 317, 62 So. 938, Ann. Cas. 1915C, 990; and Beck v. Progressive Realty Co., 130 La. 43, 57 So. 578.
 

 In Dobard v. Bayhi, 36 La. Ann. 134, the syllabus prepared by the court reads:
 

 “Where the purchaser does not comply and pay, the sheriff should resell
 
 on the spot.”
 
 (Italics ours.)
 

 Hence it has been held repeatedly by this court that no title passes to the purchaser at sheriff’s sale until he has paid the price. Losee v. Sauton, 24 La. Ann. 370; Haynes v. Breaux, 16 La. Ann. 142; Rowly v. Kemp, 2 La. Ann. 361; Hills v. Jacobs, 7 Rob. 416; Baudin v. Roliff, 1 Mart. (N. S.) 173, 14 Am. Dec. 181. See, also, Lapene v. Badeaux, 36 La. Ann. 194.
 

 And the only complete evidence of the payment of such price is the deed of sale duly executed by the sheriff and delivered to the purchaser.
 

 In Carroll v. Scheen, 34 La. Ann. 425, the court said:
 

 “In the case of Durnford v. Degruys, 8 Mart. 222 [13 Am. Dec. 285], this court said: ‘The law requires the sheriff to make out and deliver a deed of sale to the buyer, and
 
 this is the period at which the property passes;
 
 till then the conveyance is inchoate.’ The same doctrine was recognized in 11 Mart. 675, Dufour v. Camfranc; and in 14 L. 22, Bailly v. Percy, where the court, affirming the decision in 11 Mart., used the following language: ‘The sheriff’s sale is the last act under the execution, and the only one which fixes the condition of the purchaser under it.’ ”
 

 See, also, Hunter v. Buckner & Bros., 29 La. Ann. 604.
 

 In Durnford v. Degruys, (8 Mart. (O. S.) 220, 13 Am. Dec. 285, it was held that where the adjudicatee at sheriff’s sale refused to pay the price, and the sheriff, at the instance of the seizing creditor, readvertised the proper
 
 *871
 
 ty for sale, the adjudicatees could not thereafter stop a second sale by offering to pay the price and complete the first adjudication; that the first adjudication was so far without effect that it could be disregarded altogether ; and that case is in all substantial respects the same as that which we have at bar.
 

 Hence it follows that the adjudication to plaintiff might be
 
 and was
 
 entirely disregarded by the parties, as it produced no effect whatever upon .the title to the property.
 

 And the question then arises how far the sheriff and the seizing creditor had the right to retain as forfeited earnest money or guaranty that portion of the price which plaintiff did deposit in the sheriff’s' hand upon an adjudication which never took effect
 

 Our conclusion is that they had no right to do so.
 

 From what we have said above as to the duty of the sheriff to demand immediate payment of the whole price of adjudication and proceed at once' to reoffer, the property, if same be not paid, it follows that the sheriff is without authority to receive only a portion of the price as earnest
 
 money dr
 
 guaranty, to be forfeited in case the bidder fails to comply thereafter with hib bid.
 

 The simple fact is that there is no law authorizing the sheriff to accept earnest money or guaranty at such sale, and hence no law authorizing the
 
 forfeiture
 
 of earnest money or guaranty so received; and there can be no forfeiture not authorized by law. Earnest money, or forfeit money, belongs exclusively to conventional sales. In the matter of sheriff’s sales under writs the law has provided a different remedy, as aforesaid, C. P. art. 689.
 

 There is therefore no merit in the contention of the sheriff that the amount put up by plaintiff at the first sale was forfeited when he-failed to comply with his bid and pay the balance of the purchase price, and accordingly plaintiff is entitled to recover the said sum.
 

 To sum up the matter, the seizing creditor had a right either to persist in plaintiff carrying out his bid and paying the balance of the price bid, or to treat the adjudication as a nullity. He chose the latter course by causing the property to be reoffered for sale, and the amount put up by plaintiff should then have been returned to him.
 

 Decree.
 

 The judgment appealed from is therefore affirmed, reserving to defendant the right to apply for a rehearing.