O’NIEDL, C. J.
 

 This is an action to cancel a judicial sale made to the plaintiff under a judgment of court, rendered in a partition suit, and to recover the deposit of 10 per cent., $4,150. The property which was adjudicated to the plaintiff consisted of two lots of ground in New Orleans, with the buildings thereon, belonging to the estate of Charles W. Kreher, deceased ; one of which lots was adjudicated at the price of $30,100, and the other at the price of $11,400. The adjudications were made by Edouard O. Carrere, auctioneer, appointed by the court in the judgment ordering the property sold to effect a partition among the heirs of Kreher. The auctioneer and the heirs of Kreher are the defendants in this suit. It was dismissed on an exception of no cause of action; and the plaintiff has appealed.
 

 It is alleged in the plaintiff’s petition that the two lots were adjudicated to him at the public auction by the auctioneer, at the prices stated, on the 13th of March, 1930, and that he promptly deposited with the auctioneer 10 per cent, of his bid, or $4,150, in compliance with the terms of the order of sale; that it was stipulated in the judgment ordering the sale that notarial acts of sale would be made within 60 days after the adjudication, before Michel Mussen, notary public; that he (plaintiff) was, at all times during the said period of 60 days, and at the expiration thereof, ready, able, and willing to receive the properties and to pay the price and comply with all other conditions of the adjudication, but that, at the request of the defendants, owners of the property, he waited beyond the 60 days for the defendants to transfer the property to him; that, on or about the 17th of September, 1930, he addressed and mailed a letter to all of the parties in interest, and a letter to Michel Mussen, notary public, advising all of them that he was ready, able, and willing to take title to the property according • to the terms of the adjudication, and to pay the price; that the letters were received by
 
 *552
 
 the parties in interest; that, on or about the 19th of September, 1930, he (plaintiff) received a letter from the notary public, advising him (plaintiff) that the acts of sale would be passed at the notary’s office, in the New Orleans Bank building, in New Orleans, at 3 o’clock p. m. on Wednesday, the 24th of September, 1930; that, at that hour on that day, he (plaintiff) appeared at the notary’s office, in presence of two witnesses, and was ready, able, and willing to receive the properties, pay the price of each adjudication, and comply with all other conditions . thereof; that, although he and the two witnesses waited in the notary’s office and in his presence until 3:30 p. m. no one came to make the sales to him; and that, at 3:30 p. m., he departed from the office of the notary public.
 

 The stipulation in the judgment ordering the property sold, that notarial acts of sale would be made within 60 days after the adjudication, meant that such sales would be made by the auctioneer — not by the heirs of Kreher, as owners .of the property. The auctioneer was an officer of the court, and could have been compelled to make the notarial acts of sale. The auctioneer could not,r any more than a sheriff could, by his negligence or laches, give either to an adjudicatee or to the owners of the property the right to rescind the adjudication. According to the allegations of the plaintiff’s petition, the only party who neglected to perform his duty or obligation in this instance was the auctioneer, who, as an officer of the court, could be compelled to perform his duty to sign the acts of sale to the plaintiff.
 

 Appellant’s counsel rely upon the decision in Berthoud’s Heirs v. Unruh, 9 La. 180, to the effect that, although a notarial act of sale is not necessary to complete a judicial sale made at public auction, nevertheless, if it be stipulated in the advertisement that a notarial act of sale will be made, the adjudicatee may insist upon a compliance with the stipulation, and, if the parties at interest will not consent to a compliance with the stipulation, they cannot compel the adjudicatee to comply with his bid. The difference between that case and this is that in this case it is not alleged that the parties in interest have objected to the auctioneer’s signing a notarial act of sale of the property adjudicated to the plaintiff. In that respect the case of Berthoud’s Heirs v. Unruh was distinguished from the case of Jones v. Read, 1 La. Ann. 202, in the opinion rendered in the latter case.
 

 Counsel for appellant cite the decision in Southport Mill v. Ansley, 160 La. 131, 106 So. 720, to the effect that, when a party to an agreement to sell has been put in default, and a suit is brought by the other party to declare the agreement forfeited, the party in default is not entitled, as a matter of right, to have further time to comply with his agreement. In that case the agreement was represented by a private contract between the parties. The doctrine announced has no application here, for the reason, first, that the owners of the property in this instance are not in default, and, second, that no one is asking for further time in which to complete the sale.
 

 Freret v. Meux, 9 Rob. 414, Doriocourt v. Lacroix, 29 La. Ann. 286, and Collins v. Desmaret, 45 La. Ann. 108, 12 So. 121, cited by counsel for appellant, hold merely that an adjudication by an auctioneer is not a completed sale, but only an agreement to sell, until the auctioneer has signed a deed or certificate of sale. Those decisions are not appropriate to this case, because in' each of them the auction sale was made by an auctioneer employed by the owner of the property. If, in this case, the auctioneer had acted, not under an order -of court, but as an agent employed by the owners of the property, his
 
 *554
 
 being put in default would put tbe owners in default; but tbat is not tbe case, as presented by the allegations of the plaintiff’s -petition.
 

 In the following cases cited by counsel for appellant, the ruling was merely that an adjudication made by an officer acting under an order of , court was not a completed sale, but of the nature of a promise of sale, until the officer making the sale had signed a deed or certificate or procfis verbal, as evidence of the sale, viz. Washburn v. Green, 13 La. Ann. 332; Heirs of Doll v. Kathman, 23 La. Ann. 486; Lapene v. Badeaux, 36 La. Ann. 194; McCall v. Irion, 41 La. Ann. 1126, 6 So. 845; Roussell v. Hughes, 159 La. 864, 106 So. 332; and Capital Building & Loan Association v. Northern Insurance Co., 166 La. 179, 116 So. 843. There is nothing in any of these decisions to sustain the proposition that an auctioneer, or sheriff, or other officer, who has made an adjudication of property under an order of court, may, by his laches or neglect, when put in default by the adjudicatee, and without the consent of the owner or owners of the property, release the adjudicatee from his obligation to pay the amount of his bid and take the property. That is not the law.
 

 The judgment is affirmed.