ROGERS, Justice.-
 

 The object of this suit is to annul two adjudications and confirmatory deeds made by the 'sheriff by virtue of which defendant, Tom B. Simpson, claims to be the owner of Lot 13 of Block 1 of the Wyche and Stinson Subdivision of the City of Shreveport. Plaintiffs assert their ownership of the property as heirs of Clarence J. Pleasance, their deceased brother. They also sue for the rents and revenues derived from the property. On the trial of the case it was agreed that the defendant Simpson had placed improvements on the property of the value of $322.71, and that its fair rental value was $15 a month.
 

 The court below annulled both sales, reinstated the mortgage held by Simpson, and gave him judgment for $322.71, the value of the improvements. Plaintiffs were recognized as the owners of the property subject to the mortgage, and they were given judgment for $315.00 and an
 
 *1025
 
 additional sum of $15 a month until the delivery of the property to them. The defendants have appealed from the judgment.
 

 Plaintiffs are the sole heirs of Clarence J. Pleasance who mortgaged to Simpson, the defendant, for $1000 the property involved in this suit. At the time of the death of Pleasance there was a balance of $300 due on the mortgage. Simpson instituted a foreclosure proceeding against the succession of Pleasance which was represented by a curator ad hoc. The proceeding was regularly proceeded with and the mortgaged property was advertised for sale on April 7, 1937. It appears that at that time some question arose as to whether Pleasance, the mortgagor, had left a legitimate child who would inherit the property to the exclusion of the present plaintiffs. In this situation it was agreed between the attorney representing two of - the three plaintiffs and the. attorney for Simpson, the defendant, that in order to secure a good title, the foreclosure proceeding would be continued and that the property would be sold to the plaintiffs for an amount sufficient to liquidate the debt due Simpson. At the sheriff’s sale on April 7, 1937, the attorney for plaintiffs bid $99 for the property, and the attorney for Simpson bid an amount sufficient to cover the debt due his client, but by agreement between the attorneys, Simpson withdrew his bid and permitted the adjudication to be made to “Cornelia Johnson, et al.,” for $99 “to save costs and revenue stamps,” with the understanding that the adjudicatees would pay the entire debt due to Simpson. The source from which plaintiffs expected to secure the necessary funds to comply with their bid and agreement failing to yield such funds, plaintiffs so notified the sheriff, through his deputy, and also the attorney for Simpson. Two weeks later, to-wit, on April 21, 1937, at the request of Simpson and his attorney, the sheriff changed the adjudication made on April 7, 1937, from plaintiffs to Simpson and executed a deed in accordance therewith, which deed was duly recorded.
 

 At the instance of Simpson, the sheriff readvertised the property for sale for June 23, 1937, and on that day the property was adjudicated to Simpson for $200 and a deed confirmatory of the adjudication was executed and recorded.
 

 Plaintiffs contend that they became the owners of the property as a result of the adjudication made on April 7, 1937. Plaintiffs further contend that the second adjudication and confirmatory deed are null because they constituted an attempt on the part of the sheriff to sell the property a second time after having previously made a deed- to Simpson and without having made a second seizure or giving notice of any seizure of the property.
 

 If plaintiffs had deposited with the sheriff the price of the first adjudication, their contention that they became owners of the property by virtue of the adjudication would be sound. But plaintiffs did not do this; on the contrary, a few days after the adjudication was made plaintiffs, having failed to secure the necessary
 
 *1027
 
 . funds, , their . attorney notified Simpson, .the seizing creditor,- that plaintiffs .were . unable - .to comply with their bid. The deputy sheriff,-who was in charge of sales •for the sheriff, made a demand on plaintiffs for the price of the adjudication and was also advised by their attorney that plaintiffs could not comply with their bid. Plaintiffs having failed to pay the price of'the adjudication, the property did not pass to them. Losee v. Sauton, 24 La. Ann. 370.
 

 An adjudicatee must pay the price of the adjudication on demand of the sheriff, and when, in response to such demand, the adjudicatee declares he is unable to pay the price, his declaration constitutes a refusal to pay as provided by Article 689 of the Code of Practice. .•
 

 When an adjudicatee neglects or refuses to comply with his bid, the seizing creditor may sue to compel specific performance, or he may direct the sheriff to reoffer the seized property for sale. Roussell v. Hughes, 159 La. 864, 106 So. 332.
 

 Simpson, the seizing creditor, did not avail himself of either of these remedies. He did not cause the property to be reoffered for sale, nor did he sue to compel the adjudicatees to comply with their bid. On the contrary, Simpson requested the sheriff to strike out the names of Cornelia Johnson et al., as adjudicatees, and substitute his own name therefor. While the sheriff was justified in cancelling the adjudication on the adjudicatees’ refusal to pay the price thereof, he was not authorized to substitute the seizing creditor for the- adjudicatees. He was only authorized, as provided by Article 689 of the Code of Practice, to “expose to sale anew the thing seized, and adjudge it to another person.” Hence, the first adjudication and confirmatory sale to Simpson were null. Simpson himself recognized their nullity because after he had obtained the deed to the property under the substituted adjudication, he caused the property to be readvertised and resold.
 

 The second adjudication made on June 23, 1937, and the confirmatory deed are equally invalid. The record discloses that before the second adjudication was made the original seizure -had been terminated and the sheriff’s possession of the . property had been relinquished. The return of the sheriff, dated April 7, 1937, shows that the writ of seizure and sale had been satisfied. A similar return was made of date June 23, 1937, with respect to the sale made on that day. Following the return of date April 7, 1937, and prior - to the return of date June 23, 1937, the sheriff addressed a letter to the tenants occupying the property, notifying them that Simpson had become the purchaser of the property at sheriff’s sale and instructing them to pay all rents due or to become due to him. The sheriff did not reseize the property, nor was any notice of seizure given prior to the second sale; hence, the trial judge was correct in decreeing its nullity.
 

 The rights of third parties are not involved in this case. The effect of our affirmance of the judgment of the district
 
 *1029
 
 court will be to place the parties, as near as it is possible to do so, in the situation they were prior to the institution of the foreclosure proceeding.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 FOURNET, J., absent.