## No. 8946.

### LUC DOBARD VS. CHARLES BAYHI.—SHAKSPEARE, SMITH & CO., Third Opponents.

The purchase of an heir's interest may be assimilated to that of a hope. If the interest realizes less than was expected, or nothing, the purchaser is none the less bound for the price.

The purchaser of such interest in successions composed in part of real estate, at a judicial sale made thereof at his instance, as a judgment creditor of such heir, is bound to pay to the sheriff so much of the amount of adjudication as may be required to meet judicial mortgages registered previous to his own, when the creditors under such mortgages have filed a third opposition asserting their rights, claiming a preference and asking that the proceeds of sale be returned and where the order of court made in pursuance were served on or service accepted by the sheriff before the time of sale.

Where the purchaser does not comply and pay, the sheriff should resell on the spot.

If the sheriff does not resell and permit the adjudicatee to retain, and loss ensues, he can be held responsible to the extent of the loss.

Whatever the law be regarding the right of purchasers to retain the price of adjudication at judicial sales, to meet anterior privileges, special or other mortgages, it does not apply to a case like the present one in which the antecedent creditors step in and ask payment, the court orders the sheriff to retain the proceeds and the opposition and order reach the sheriff before the sale is actually made.

Where the service is accepted on the day of sale, the presumption is, in the absence of plea and proof to the contrary, that this was done prior to the time of sale.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais, J.*

*E. H. McCaleb* for Opponents and Appellants.

1. Where the debtor is insolvent and the property sold the only asset out of which previous judicial mortgages can be paid, they must be satisfied out of the proceeds according to the date of their registry. Rev. C. C. 3322. *Qui prior est tempore, potior est jure.* 7 A. 344; C. P. 301, 403.

2. A third opposition is the proper proceeding for a judicial mortgage creditor to assert his privilege where his debtor is insolvent. Fulton vs. Fulton, 7 R. 73.

3. A sheriff, ordered by the court to retain in his hands out of the proceeds of sale an amount sufficient to satisfy opponents' claim, should obey such order. If the plaintiff, purchasing at the sale, fail to pay over the price, the sheriff should immediately re-offer the property. C. P. art. 689; 3 M. 294; 8 M. 220; 3 L. 475; 4 L. 396; 19 L. 307; 2 R. 319; 10 R. 89. The adjudication of itself perfected the purchaser's title C. P. art. 690. The failure of the sheriff to exact of plaintiff immediate compliance with his bid and the failure of plaintiff to comply, cannot prejudice the third opponent's rights to be paid out of the proceeds of the property sold. If there are no proceeds in the sheriff's hands, there should be.

4. A judicial admission cannot be gainsaid or contradicted by the party making it. R. C. C. 2291.

*R. T. Beauregard* and *T. A. Flanagan,* contra.

*James Wilkinson* for the Sheriff.

The opinion of the Court was delivered by

MANNING, J. Luc Dobard had executions issued upon several judgments, obtained against the defendant Bayhi, which were levied upon

Dobard vs. Bayhi.

his property, and advertisement made of its sale. Shakspeare, Smith & Co. were also judgment creditors of Bayhi with the advantage of a registry of their judgments prior to the plaintiff's, and they filed their third opposition before the sale, asserting their superior lien, and praying that the sheriff be ordered to retain in his hands out of the proceeds of sale $1625, the amount of their claim. The sheriff sold the property pursuant to advertisement, and the adjudication was made to Luc Dobard for $3333 33. The proces verbal of the sheriff states that "none of the proceeds were paid over to him, but the same were retained by Luc Dobard."

When the opposition came on for trial, the plaintiff answered that no title had been made to him, the adjudication had not been perfected, and no proceeds of the sale had been paid to the sheriff, and there was nothing therefore out of which to pay anyone. This was followed by a supplemental answer alleging that "the seizure was abandoned through the sheriff," and that no satisfaction of the judgments had been entered on the docket, and none made, and that the judgment of the Supreme Court on a rule to cancel mortgages left the plaintiff in the same position he has always been in, with his judgments unexecuted.

How such pretensions can be set up by the party who provoked these judicial proceedings is beyond comprehension. The plaintiff provoked the sale and bid in the property, and did not pay his bid in cash, doubtless because he was the judgment creditor, awaiting the trial of this opposition before paying. The attempt to foil the third opponent by pleading that no money was paid on the bid, when the pleader is the man who should have paid it, and no title had been made, when he is the person who alone can demand it shall be made, is to trifle with the process of the law.

The plaintiff, in the partition suit in the record, set up his purchase as adjudicatee and purchaser at the sale above mentioned, and claimed that he was owner of the property thus bought, and prayed that he be subrogated to all the rights of his debtor, and the court so ordered. If there is anything to break the force of this judicial assertion of ownership, and judicial decree maintaining it, we have not seen it. The sole source of the ownership is the sale provoked by the plaintiff, and the adjudication thereunder. That adjudication is his title. If he had been the first mortgage or judgment creditor for an amount sufficient to consume the bid, there would have been no need to pay any cash. With a competing creditor claiming priority of payment, and an order of court for service of his process, and service made, the detention of the bid, or so much thereof as was ordered in the hands of the sheriff was the proper thing to be done. That is what was done, except that the sheriff permitted the bidder to keep it.

There is no escaping the liability for the amount of the opponent's judgment. It primed the plaintiff's judicial mortgages. The judgment debtor has no other property. Code Prac. arts. 301, 402; Deneufbourg vs. Didion, 7 A. 344. The sheriff should have compelled the plaintiff to comply with his bid, to the extent of the sum which the court had ordered him to retain in his hands. Upon non-compliance, his duty is pointed out. Code Prac. art. 689. But the fact is, that the whole affair was managed in the way it was to suit the plaintiff himself. His attorney directed everything. The money was left in the plaintiff's hands because it need never go out of them, unless this opponent could draw it with the magnet he is now using. The sheriff left it there at his risk. Walker vs. Allen, 19 La. 307. His plain course was to re-offer the property if the bid was not paid. Stoute vs. Voorhies, 4 La. 392; Galliee vs. Garcia, 2 Rob. 319. He is bound with the plaintiff to the ranking mortgage creditor for his claim, duly notified him by the court.

This transcript can be read only with difficulty. The transcripts that have lately come up from the court for Plaquemines parish are written with an ink that is scarcely visible. In future, transcripts that are thus written will be returned to the clerk of the Plaquemines court with directions to rewrite them legibly, and this will be done at his expense. No fees will be allowed for the rewriting.

It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that the third opponents have and recover of the sheriff C. V. Thibaut and the plaintiff Luc Dobard *in solido* the sum of sixteen hundred and twenty-five dollars with interest as set forth in their judgment, and the costs of both courts.

---

ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J. The sheriff charges error in the judgment which condemns him to pay to the third opponents part of the amount of the adjudication to plaintiff of defendant's interest or share in the successions of his father and mother.

The complaint is predicated on the theory that, as that interest or share did not, in the partition suit, subsequently realize the amount of the bid, he cannot be held. Such defense cannot avail. That which the plaintiff bought was the hope that the interest or share of defendant in the succession would realize something to satisfy his judgments, in whole or in part.

It is immaterial whether such interest realized anything afterwards. The purchase may well be assimilated to that of the fisher who sells

the haul of his net before he throws it, for although he should catch nothing, the sale still exists, because it was the hope which was sold, together with the right to have what might be caught.    R. C. C. 2451.

The plaintiff thought that he had bought the interest in question, for he subsequently, in the partition proceedings, was recognized as the transferee of it in place of the defendant, who was there a co-partitioner.

Had that interest realized more than enough to pay the opponents and the plaintiff, the surplus would have enured exclusively to the latter.    He took his chances and cannot complain now that his expectations have been frustrated.

There can be no doubt as to his liability to the third opponents, for he has retained their money, has it and must pay it over to them. With this conclusion he must have felt satisfied, for he has not even asked for a rehearing.

The sheriff has no reason to complain, for the loss is the result of his own dereliction.

Whatever the law be with regard to the rights to purchasers of real estate at judicial sales to retain out of the price of adjudication an amount sufficient to satisfy claims, however secured, whether by privilege, special or other mortgage, provided registered previously, it cannot surely apply to cases in which the creditors of such claims intervene by third opposition filed *before the sale,* asking that the sheriff be ordered to retain the proceeds of sale and where the order of court is made and is notified to the sheriff likewise, *before the sale.*    1 A. 365; 28 A. 563; 34 A. 581.

By reason of such opposition and order thus served, it surely becomes the duty of the sheriff to require from the adjudicatee payment of the price, at least for an amount sufficient to pay the claims of the opponents when allowed.    Where the adjudicatee fails to pay, the sheriff should resell on the spot.

If he does not require payment, but allows the adjudicatee to retain, then he makes the latter his agent and remains just as liable as if he had actually received the amount.

It is a significant feature in this controversy that the interest seized and sold is the only property owned by the defendant at the time.    C. P. 301, 403.

It is clear that, if the plaintiff and adjudicatee had paid to the sheriff an amount sufficient to pay what remains due to the third opponents on their judgment, that officer would have had that amount in hand

wherewith to satisfy that claim. If he has not it, he has no one to blame but himself. Having undertaken the risk of a disobedience of the order of the court, he must stand the consequences of his own imprudence and temerity.

In the present instance it appears that the opposition was filed, that the order to retain was made and that service of both was acknowledged *on the day of sale*. In the absence of plea or proof to the contrary, the Court will presume that all this was done *before the sale*, therefore fully in time.

Under such circumstances the sheriff is clearly liable and should be held accordingly.

Rehearing refused.