No. 739

First Circuit

PENN LIBERTY OIL CO. v. CRESCENT MAGNOLIA PLANTING & MFG. CO., LTD., (Intervention and Third Opposition of B. Rosenberg & Sons, Inc.)

(January 26, 1931. Opinion and Decree.)

Harris Gagne, of Houma, attorney for plaintiff, appellant.

Ellender & Ellender, of Houma, attorneys for intervener, appellee.

MOUTON, J. A judgment for $1,500 was obtained by plaintiff company against defendant company on December 16, 1927, and was recorded in the parish of Terrebonne, December 17, 1927.

A fi. fa. was issued in execution of the judgment January 24, 1930, under which a tract of land in Terrebonne parish was seized and advertised for sale on March 8, 1930.

The intervener, Rosenberg & Sons, had obtained a judgment against defendant company in October, 1926, for $920.76, less a credit of $260.22, and which had been recorded on the 14th of October of that year, over a year prior to the inscription of plaintiff's judgment. Rosenberg & Sons, on allegations setting out the previous registry of its judgment, came into the case by way of intervention and third opposition, asking to be paid by preference over plaintiff, and praying for an order commanding the sheriff to retain in his hands an amount sufficient to satisfy its

judgment with cost, that plaintiff company, defendant company, and the sheriff be cited, and that after legal proceedings judgment be rendered in its favor ordering the sheriff to turn over to intervener the amount retained for the payment of its claim.

The court, on March 8, 1930, granted the relief sought by intervener by issuing an order commanding the sheriff to retain in his hands from the sale to be effected March 8, 1930, an amount sufficient to pay and satisfy the judgment of opponent of $920.75, less a credit of $260.22.

Service of this order was accepted and citation waived by the sheriff and counsel for plaintiff company.

The acceptance and waiver bear the date of February 8, 1930. Evidently, by error or inadvertence, February was inserted for March.

The sheriff came into court April 14, 1930, made his return stating that he had sold the property seized for $4,667, and had been paid by A. W. Pettigrew, adjudicatee, $472.50 for the costs of the clerk, keeper, his costs, and for advertisement. The balance of the price of sale, $4,194.50, the sheriff states in his return was retained by Pettigrew, purchaser, in his hands, to pay other judgments which are enumerated in a proces verbal signed by him and Pettigrew. It is clear from the return of the sheriff that he did not retain a sum to pay the judgment of the intervener, as he was ordered, and that he flatly disobeyed the order of the court.

On final trial the district judge rendered judgment maintaining the third opposition, decreeing priority of payment in its favor out of the proceeds of sale, ordering the sheriff to retain from the proceeds of sale he had made or would thereafter make an amount sufficient to pay the judgment of plaintiff in opposition, with legal interest and cost.

Plaintiff company appeals.

In its petition for a third opposition, Rosenberg & Sons averred that their judgment had been obtained and recorded at a date prior to the registry of plaintiff's judgment; also that the Crescent Magnolia Planting & Manufacturing Company was hopelessly insolvent at the time, and had no other property known to intervener, other than the property seized, on which its judgment could be satisfied.

The plaintiff company, without urging any exception or objection to the form of proceeding adopted by third opponent, filed its answer to the third opposition admitting the prior registry of third opponent's judgment, but denying the insolvency of the Crescent Magnolia Planting & Manufacturing Company, defendant in these proceedings, or that it had no other property on which intervener's judgment could be satisfied.

C. P. art. 396, says: A party may intervene when intervener claims the ownership of the thing or where he contends he has a privilege on the proceeds of the thing seized and sold. As third opponent asserts no ownership herein, his rights, counsel for plaintiff company contends, must be controlled by that part of the article which refers to cases where claimant claims a privilege on the proceeds of the thing sold. There is, however, article 403, C. P., under the heading of "Third Opposition," the same under which article 396 is found, wherein it is said:

That if the person "intervening has only a general or legal hypothecation on the

property seized, the plaintiff in the original suit shall be paid in preference, if he prove that the defendant has other property of sufficient value to satisfy the claim of third opponent."

In the case of Deneufbourg v. Didion, Romer, 7 La. Ann 344, it was shown therein that the defendant was insolvent and that the property sold under the plaintiff's mortgage was the only asset out of which the previous judicial mortgage existing upon it could be satisfied. The prior mortgage, although judicial, was given preference over the proceeds of sale, and the seizing creditor was allowed whatever surplus might remain. The seizing creditor appealed, but the Supreme Court said it was unable to perceive on what ground he could expect a reversal of the judgment.

In this case the defendant company whose property was sold is totally insolvent, and plaintiff, the original creditor, not having proved that defendant has other property of sufficient value to satisfy the claim of third opponent, we are unable to see how, according to the expressions of the court in the case above cited, he can claim a preference on the proceeds of sale under article 403, C. P.

In Luc Dobard v. Charles Bayhi, 36 La. Ann. 134, where the question at issue was again presented, the court referred approvingly to Deneufbourg v. Didion, 7 La. Ann. 344, above cited.

In Dobard v. Bayhi, 36 La. Ann. 134, above referred to, a judgment creditor who had obtained a judicial sale of the property, bought it at the sale. In that case, third oppositions were filed by creditors who asserted their rights to be paid by preference from the proceeds of sale by reason of their previous recorded mortgages. The sheriff, in that case, was ordered to retain in his hands the proceeds of sale to meet the demands of the intervening mortgage creditors. The sheriff, in that case, stated in his proces verbal that none of the proceeds were paid over to him, but that the same had been retained by Luc Dobard, adjudicatee. It also appeared in that case, as in this, that the service of the order directing the sheriff to retain the proceeds in his hands, had been accepted by him on the day of sale, and before it was actually made. The court said that the sheriff should have compelled Luc Dobard, plaintiff and adjudicatee in that case, to comply with his bid to the extent for the sum which the court had ordered the sheriff to retain in his hands, or else that he should have resold on the spot.

Here it is true that plaintiff company, which had obtained the sale in execution of its judgment, did not buy the property which was done in the Dobard case, supra, as the adjudication in the present suit was made to Pettigrew, a third party. Such a difference, however, is of no importance, as it was in the instant, as in the cited case the plain duty of the sheriff to obey the order of the court by retaining in his hands an amount sufficient to pay the judgment of intervener, as he was clearly directed to do. He got from the buyer, Pettigrew, only $472, to pay the cost of the clerk, keeper, his own, and for advertisement of the sale, and did not retain the amount from the proceeds as he was ordered.

In the Dobard case, it will be observed that the court took occasion to say that, whatever might be the rule in reference to the right of the purchaser at judicial sales to retain the price where the claims

were secured by privilege, special mortgages, or otherwise, it did not apply when, as in that case, the third opposition had been filed before the sale, and the court had ordered the sheriff to retain the proceeds of sale, of which the sheriff had been notified.

The case at bar unquestionably presents the same important legal features, and for a like reason the rules applicable to the retention of the price of sale by adjudicatees at public sales have no application, although the court in the Dobard case approved the ruling in Deneufbourg v. Didion, 7 La. Ann. 344, where the rule expressed in C. P. art. 403, was directly applied between litigants claiming under judicial mortgages and not on any privilege or special mortgages.

In this case, it will be noted, as was hereinabove observed in this opinion, that plaintiff came into court without urging any objections to the third opposition filed either by exception or otherwise, and joined issue by answering to the merits. The court had certainly jurisdiction of the case here, and the legal authority to order the retention of the amount from the proceeds, as was directed.

Plaintiff having joined issue with third opponent without urging any exception or objections to the form of proceedings followed by intervener—if plaintiff had any grounds for objections—they were waived, and the order of court ordering the amount retained from the proceeds, service of which was accepted by the sheriff, was certainly binding on him, and which he had no legal authority to disobey or repudiate.

The third opposition was therefore properly maintained.