### FIRST NAT. BANK OF VILLE PLATTE v. COREIL et al. *
### No. 1092.

Court of Appeal of Louisiana, First Circuit.

Jan. 24, 1933.

394

Sec, also, 145 So. 395.

Guillory & Guillory, of Ville Platte, and L. A. Fontenot, of Opelousas, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellees.

MOUTON, J.

An undivided five-sixths in ten arpents of land, with buildings, situated in the town of Ville Platte, were seized, together with some movables, by the sheriff under a fi. fa. issued in execution of a judgment obtained by plaintiff bank against J. M. Coreil, and were advertised for sale. Armand Coreil, third opponent, herein obtains an injunction arresting the sale, claiming the ownership of the things seized; also, rent for the use of a grocery store located on the land claimed by him, and for attorney's fees in the sum of $350, for the alleged illegal seizure of his property.

Judgment was rendered by the district judge maintaining the injunction and condemning the bank to pay rent at the rate of $60 per annum from January 24, 1931, to date of sale, with attorney's fees for $150.

The bank appeals.

The bank seized the property as being a community asset acquired during marriage by Mrs. J. M. Coreil, wife of defendant, J. M. Coreil, at the succession sale of the estate of Mrs. Amelie Vidrine, made by E. G. Burleigh,

auctioneer. Burleigh, the auctioneer, testifies that at the crying of the sale the land and buildings were adjudicated to Mrs. J. M. Coreil.

This adjudication was made January 24, 1931, but the procès verbal of the sale was filed for record by the auctioneer more than five months thereafter in which it appeared that the property had been sold to Armand Coreil, intervener. Burleigh explains that the certificates of mortgage had been misplaced which caused the delay in having the procès verbal registered. Burleigh says, a few days before the procès verbal was filed for registry, that J. M. Coreil told him that his wife was not able to pay the price of the property bid in by her, and asked him to substitute the name of Armand Coreil, intervener, as the purchaser, and that intervener who was then present so requested. J. M. Coreil corroborates that statement of the auctioneer and Mrs. Coreil testifies that the substitution was made by her husband with her consent, as she was unable to comply with her bid.

Counsel for the bank objected to the proof of this substitution by parole contending that Armand Coreil could not be substituted as adjudicatee without written evidence authorizing it. The objection was overruled and the parole evidence was admitted.

■ No title passes to an adjudicatee at a sheriff's or succession sale until he has paid the price of adjudication. Roussel v. Hughes, 159 La. 864, 106 So. 332; Lapene v. Badeaux, 36 La. Ann. 194; Washburn v. Green, 13 La. Ann. 332; People's Bank of New Orleans v. David, 49 La. Ann. 136, 21 So. 174.

There is therefore no transmission of ownership in the property to the vendee until he has complied with the indispensable requirement of paying the price.

■ Mrs. J. M. Coreil, or her husband, having refused to pay the bid, or being unable to meet that requirement, it follows that the ownership of the property was never vested in the community existing between them. Hence, there could have been no transfer of any title therein by them to Armand Coreil, if they had intended to make a sale to him of which there is not the slightest proof. If there had been a transfer of title to Armand Coreil, parole proof in such case would have been inadmissible. But such was not the situation as the proof offered was simply to substitute Armand Coreil as adjudicatee who on paying the price became the owner by title derived from the succession of Amelie Vidrine, and the parole evidence introduced had nothing to do with the transfer of the property to Armand Coreil, intervener.

The objection to its introduction was properly overruled.

■ J. M. Coreil was declared a bankrupt and V. L. Dupuis was appointed trustee of his

estate. The proof is that Dupuis in his capacity of trustee sold as part of the estate to intervener the movables claimed in his intervention. Being the owner of these movables they could not be seized by the bank for the debt of J. M. Coreil. It also appears from the evidence that intervener was entitled to recover for the rent allowed below.

The next question is in reference to the attorney's fees granted intervener by the judgment.

Counsel for intervener refers to Soniat v. Whitmer et al., 141 La. 235, 74 So. 916, 919, where the court held that, when the property of a third person is illegally seized as belonging to the judgment debtor, the owner who enjoins the seizure, sets it aside, and maintains his title, is entitled to counsel's fees as damages. In that decision the jurisprudence of the state is reviewed at length, and, we think, that as a general proposition the rule, above referred to, is correctly stated.

In that very decision the court said further, as follows: "There may be cases with extenuating circumstances which would relieve a seizing creditor from actual damages when the property of a third person is illegally seized."

The record shows that the property in question was sold at public auction; was adjudicated to Mrs. J. M. Coreil at the crying of the sale; that it was in the possession of J. M. Coreil and his wife at the time it was bid in by her; and, that at the time of the trial they were living on the property.

Several months went by before Armand Coreil's name was substituted by the auctioneer for that of Mrs. J. M. Coreil and there is nothing to show that the bank had any knowledge that the substitution was to be made by the auctioneer before filing of the procès verbal for registry, and from which the bank could get no information from its registry, the seizure having preceded the recordation. Hence, at the time of the seizure the bank had no reason to believe that the property was not an asset of the community existing between Mr. and Mrs. J. M. Coreil.

The facts, above referred to, show "extenuating circumstances which should relieve" the bank, seizing creditor, from the payment of damages as attorney's fees. To enforce their payment in this case would be inequitable, they must therefore be denied, and the judgment will be accordingly amended.

It is therefore ordered, adjudged, and decreed that the judgment be amended by denying and rejecting the amount allowed for damages as attorney's fees; and, that in other respects the judgment be affirmed, cost of appeal to be paid by appellee, the other costs by the bank, plaintiff and appellant.

Guillory & Guillory, of Ville Platte, and L. A. Fontenot, of Opelousas, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellees.