## FIRST NAT. BANK OF VILLE PLATTE v. COREIL et al.

Court of Appeal of Louisiana, First Circuit.
March 7, 1933.

Guillory & Guillory, of Ville Platte, and L. A. Fontenot, of Opelousas, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellees.

MOUTON, Judge.

Plaintiff Bank and third opponent Armand Coreil are each applying for a rehearing in this case.

The property seized by the bank had been adjudicated at public auction to Mrs. J. M. Coreil, which she refused to take for the reasons stated in our opinion.

The property had been seized as a community asset several months after the adjudication. Two days after the seizure had been effected, the procès verbal of the auction sale was filed for registry, and in which it appeared that the name of Armand Coreil, third opponent, had been substituted as adjudicatee of the property for that of Mrs. J. M. Coreil, original adjudicatee.

On this feature of the case, we said: "Hence, at the time of the seizure the bank had no reason to believe that the property was not an asset of the community existing between Mr. and Mrs. J. M. Coreil." 145 So. 393, 395.

This was obviously true, as the seizure by the bank had preceded the change of the name of the adjudicatee to that of Armand Coreil, third opponent, as appeared when the procès verbal was recorded.

Counsel for third opponent in their application for a rehearing concede that the bank when the seizure was made could have honestly believed then that Mrs. Coreil had complied with her bid and have been free of blame, but say that two days after, when the auctioneer filed his procés verbal and was apprised of its error, compelled the third opponent to battle for his property in two courts and should be held liable for attorney's fees.

It appeared in the evidence, as we remarked in our original opinion, that the property seized was in the possession of Mr. and Mrs. J. M. Coreil at the time it was bid in by her at the public sale, and that at the time of the trial of this case they were still living on the property.

In our opinion we refused the attorney's fees claimed on the following expression of the court, in Soniat v. Whitmer, 141 La. 235, 74 So. 916, 919, relied upon by counsel for applicant, quoting: "There may be cases with extenuating circumstances which would relieve a seizing creditor from actual damages when the property of a third person is illegally seized."

The changing of the name of the adjudicatee after the bank had made the seizure and Mrs. J. M. Coreil, the original adjudicatee, being on the property seized at that time which was still in her possession up to the time of the trial, presented such a situation that the bank is not to be blamed if it battled with third opponent for the maintenance of its seizure.

The facts, above referred to, created "extenuating circumstances" which should relieve the bank from actual damages for its seizure of the property of a third person, under the ruling in the case hereinabove cited.

The rehearing asked for by third opponent is therefore refused; and the rehearing applied for by the bank is also denied and refused.