## IBERVILLE LAND & SECURITIES CO., Inc., v. HURDLE (HURDLE, Intervener). *

### No. 1241.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

*Rehearing denied January 22, 1934.

Borron, Owen & Borron, of Plaquemine, for appellant.

Claiborne, Claiborne & Shepard, of New Roads, for appellee.

MOUTON, Judge.

Under a writ of attachment obtained by A. A. Smith on a claim of salary against defendant, the following property was seized as the property of defendant: 20 mules, 30 horses, 5 hogs, one Durham bull, 1,500 barrels of corn, 1 jackass, and 30 sheep.

This same property was thereafter placed under seizure under a writ of provisional seizure issued in favor of plaintiff company for a rent claim of $700 by virtue of a lease of the Shady Grove Plantation by plaintiff company to defendant.

The provisional seizure was maintained on 5 hogs, 1,500 barrels of corn, 1 jackass, and 30 head of sheep, which had been levied upon under the provisional seizure, but not as to the rest of the property hereinabove referred to.

While a motion to dissolve the provisional seizure was pending, plaintiff company obtained a writ of attachment against defendant, then a resident of the state of Mississippi, under which the same animals were seized and which were then in the hands of the sheriff.

On the trial, judgment was rendered in favor of plaintiff company for $700, with interest, for its rent, maintaining the writ of attachment, also the provisional seizure of the animals which were found on the premises leased by plaintiff to defendant.

The sale of the property under that judgment was enjoined by Willee I. Hurdle in a claim of ownership of a portion of the property advertised for sale.

The injunction was maintained, the property was released from seizure at the cost of plaintiff company, but the attorney's fees claimed by third opponent were denied.

Counsel for plaintiff company say that the only issue presented is one of title to the property claimed by Willee I. Hurdle, third opponent. In this we agree, with the exception of the attorney's fees which appellant is pressing to our attention. The contention of counsel for plaintiff company is that the claim of ownership was interposed at the eleventh hour by intervener for the purpose of protecting defendant, his brother, and to thus defeat the claim of plaintiff.

In his third opposition, Willee I. Hurdle claims ownership to several mares and mules, giving in detail the name of the parties from whom he bought some of these animals, the date of the respective purchases. He also claims title to horse mules and mares, unbroken, which he alleges were raised by him.

It is unnecessary for us to refer to the names of the various parties from whom third opponent bought these animals at different times. It was shown by these parties that third opponent had made these purchases from them. It was also shown by third opponent that he had bought some of the animals from parties who had died since their purchase. In all of these transactions, it was shown by third opponent that he bought for himself, and that no other party was mentioned as having any interest whatsoever in these purchases. Willee I. Hurdle, it is shown, paid the money when the sales were made or later, as agreed upon, and that he raised the unbroken animals claimed in his opposition. There is no testimony in the record to contradict the evidence of third opponent, above referred to.

It is shown that Willee I. Hurdle, third opponent, testified in the suit filed by plaintiff company for the provisional seizure. In that case, the issue was as to whether the effects seized were then on the Shady Grove Plantation or had been there within the fifteen pre-

ceding days. This appears from the trend of the evidence, also from the reasons in the written opinion of the district judge given for the dissolution of the provisional seizure. As this seems to have been the only question involved on the trial of the motion to dissolve the provisional seizure, this may account for the failure of third opponent to assert his title to the property seized, and also because it does not appear that he was questioned on that subject.

A. A. Smith, who had previously attached the property for his alleged salary, was also a witness on the trial of the provisional seizure. He made no mention in his evidence given therein, that the property belonged to Willee I. Hurdle, third opponent, although, on the trial for ownership of part of the property in the third opposition filed by Willee I. Hurdle, Smith testified that the animals claimed therein belonged to third opponent.

Counsel for plaintiff company calls our attention to the testimony so given by Smith on these two instances.

As the only issue in the provisional seizure was as to the location of the property at the time of seizure, and as Smith was not then interrogated on its title, his reticence may be ascribed thereto; and the reason, it may be, why he testified on the trial of the third opposition that the things claimed belonged to Willee Hurdle was because he was brought in as a witness to testify on the question of title to the property.

Such conduct on the part of these witnesses is somewhat unusual, but can we for that reason declare that the district judge, who knew the witnesses and heard them testify, fell into a manifest error in believing the uncontradicted testimony of third opponent and the several witnesses who testified to the purchases he had made from them?

Counsel for plaintiff company point also to the fact that third opponent delayed until the sale was about being made before he sued out his injunction upon which is based the contention that his purpose was to protect his brother, Walker H. Hurdle, the defendant.

This delay, it was shown by third opponent and by his attorney, was due to advice of his counsel, who, it seems, expected to effect a compromise which would have avoided further litigation. This accounts for the seeming tardiness of third opponent in instituting his suit, and which cannot be taken as establishing proof of fraud or collusion between him and the defendant to defeat the rights of plaintiff company. It is also claimed by plaintiff that the things seized were partnership property and should be responsible for partnership debt. There is no proof to support this contention.

Recently, in the case of Bank of Ville Platt v. Coreil, 145 So. 393, we had occasion to examine a case involving the right to attorney's fees for the illegal seizure of property belonging to a third party. We denied the attorney's fees claimed, grounding our decision on the case of Soniat v. Whitmer, 141 La. 241, 74 So. 916, where the jurisprudence of this state on that subject is reviewed at length. The court held therein that such fees would not be allowed where there are extenuating circumstances.

Here the conduct of third opponent, though not falling under the charge of fraud or collusion, was such as to honestly mislead plaintiff company in having the property seized for the satisfaction of its judgment, hence there were extenuating circumstances for the seizure precluding third opponent from recovering the attorney's fees, and which were properly denied below.

Judgment affirmed.